## West Chicago St. R. R. Co. v. Martin Dougherty.

1. EVIDENCE—*In Actions for Personal Injuries.*—Where the question as to whether a hernia was one of the results of an injury was contested, it is competent to show that on a former trial for the same cause of action, hernia was not mentioned as one of the results of the accident.

2. SAME—*Effects of the Accident upon Plaintiff's Wife.*—In an action for personal injuries, evidence showing that the plaintiff's wife had a miscarriage is improper, as tending to influence the jury against the defendant in the assessment of damages, in the event of their finding for the plaintiff.

3. ORDINARY CARE—*Defined.*—The care required of a person in a street occupied by street railway companies is such care as an ordinarily prudent person under the same circumstances and conditions would ordinarily use or adopt.

4. STREET RAILWAYS—*Right of Way in Streets Occupied by Them.*—The right of way of a street railway company along its tracks is so far superior to that of the general public that a person driving on its tracks must yield the right of way to the company's cars.

5. VERDICTS—*Manner of Arriving at.*—While jurors may resort to a process of writing the amount each juror desires to find upon paper and after adding up the amounts divide it by twelve as a mere experiment for the purpose of ascertaining how nearly the result may suit the views of the different jurors, a preliminary agreement that such result shall be the verdict, renders the whole illegal.

6. INSTRUCTIONS—*As to Arriving at a Verdict.*—An instruction

West Chicago St. R. R. Co. v. Dougherty.

which tells the jury that if they find for the plaintiff they must not reach an assessment of damages by adding the amount individual jurors think ought to be awarded and dividing the amount so obtained by the number of jurors unless they thereafter believe from the evidence that such amount is warranted by the evidence and afterward agree upon such amount as a fair and just sum under all the evidence, is erroneous as tending to induce the jury to arrive at a verdict in a manner prohibited by law.

**Action on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed June 14, 1900.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for appellant; W. W. GURLEY, of counsel.

While a street railway company has no such exclusive right to the use of its track and the ground covered by it, as exists in the case of an ordinary railroad company, and is only entitled to use it in common with others traveling on the highways, yet its right is superior to that of all other persons. 23 Amer. & Eng. Ency. of Law, 990; Booth on Street Railways, Sec. 303; Beach on Contributory Negligence (3d Ed.), Sec. 288a; Thompson v. Buffalo Ry. Co., 145 N. Y. 196.

Private vehicles have not a right to the use of the tracks equal to that of a street car company, but a street car company has a paramount, though not an exclusive right to that portion of the highway between crossings which is taken up by its tracks. Rosenblatt v. Brooklyn Heights R. Co., 50 N. Y. Supp. 333; Flewelling v. Lewiston & A. H. R. Co., 89 Me. 585; 36 Atl. Rep. 1056; Fenton v. Second Ave. R. Co., 126 N. Y. 625; Chicago W. D. Ry. Co. v. Bert, 69 Ill. 388; Warner v. People's St. Ry. Co., 141 Pa. St., 615, 619; 21 Atl. Rep. 737.

JOHN F. WATERS, attorney for appellee.

" A cable railway company operating dangerous machinery on and along the public streets of the city, must know and in law is bound to know, that men, women and children have an equal right to the use of the highway and will be upon it, and it is the duty of the company's servants

to be on the lookout and to take all reasonable measures to avoid injuries to persons on the streets." And this opinion is quoted and approved of in Cambies v. Third Avenue R. R. Co., 48 N. Y. St. Rep. 109; Winters v. K. C. Cable Railroad Company, 40 A. & E. Railroad Cases, 261; 99 Mo. 509.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant for the sum of $5,500. A verdict was rendered in favor of appellee for $8,500, and on motion for a new trial by appellant, appellee remitted $3,000. The suit was to recover damages for injuries to appellee's person resulting from a collision between a street car of appellant and a wagon in which appellee was riding. Appellee was thrown from the wagon by the collision, and claims that the collision was due solely to the negligence of appellant's servants. Appellant's counsel object to certain rulings of the court on evidence, and to the giving and refusal of instructions.

The accident occurred October 6, 1892. At the time of the accident appellee was removed to his residence where he remained three or four days, when by the advice of his physician he was removed to a hospital. He remained in the hospital about three weeks. On the trial appellee was permitted to prove, over the objection of appellant's attorney, that his wife had a miscarriage, and this proof was made in such connection as to probably impress the jury with the idea that the miscarriage occurred immediately after the accident, and on account of it, while appellee was at his residence, and before his removal to the hospital. Appellee himself testified subsequently that his wife gave birth to a child about four weeks after the accident, which must have been after he left the hospital. We think the evidence was calculated to influence the jury against appellant in the assessment of damages, in the event of a finding for appellee, and that its admission was erroneous. Appellee claims that he is afflicted with hernia as a result of the accident, and it was a contested question of fact between the parties, whether the hernia was caused by the accident.

The accident happened October 6, 1892; the first trial of the cause occurred in December, 1895, more than three years after the accident; the last trial, in pursuance of which the judgment now in question was rendered, occurred in May, 1899. Appellant's attorney called a witness, Dr. Tobias, who testified that he heard the testimony of the physicians on the former trial. He was then asked, in substance, whether he heard hernia mentioned by any witness at that trial, which question the court, on objection made by appellee's attorney, ruled against. We are of opinion that the offered evidence was competent and should have been admitted. One of the elements of damage strongly insisted on by appellee was hernia; there was evidence strongly tending to prove that had hernia resulted from the accident, it would have developed and appellee would have been conscious of it prior to the first trial.

The first and third instructions given for appellee are objected to on the ground that they improperly define ordinary care. The first contains the following:

"But the care required of the plaintiff was ordinary care, that is, such care as an ordinarily prudent person, under the same circumstances and conditions as then surrounded the plaintiff, would ordinarily use or adopt."

The definition in the third instruction is substantially the same. We find no error in either of appellee's instructions one and three. C. & A. R. R. Co. v. Fisher, 141 Ill. 614, 624; W. C. St. R. R. Co. v. McNulty, 166 Ib. 203.

Objection is also made to appellee's second instruction, which is as follows:

"2. The court instructs the jury that a cable railway company, operating its cars on and along the public streets of a city must know, and in law is bound to know, that persons and vehicles have an equal right to the use of the street, and it is the duty of the company's servants to exercise ordinary care to take all reasonable measures to avoid injuries to persons on the streets who are themselves in the exercise of ordinary care for their own safety."

The collision which resulted in injury to appellee occurred while the wagon in which he was, was being driven diag-

onally across appellant's tracks. The foregoing instruction is inaccurate, and as we think, calculated to mislead the jury. The right of way of a street railroad company along its tracks is so far superior to that of the general public, that a person driving on the tracks must yield the right of way to the company's cars. This is owing to the necessity of the case. The cars can not turn out. They can run only on the tracks. The convenience of the traveling public also requires that street cars shall not be unnecessarily impeded or delayed. C. W. Div. Ry. Co. v. Bert, 69 Ill. 388.

Other authorities might be cited but it is sufficient to say that the law on the subject is well settled as above stated. Appellant's attorney requested the court to give the following instruction, except so much thereof as is in italics, but the court refused to give the instruction as asked and modified it by adding to it the part in italics, and gave it so modified:

"22. The jury should not consider the question of the amount of the plaintiff's damages until they have determined the questions: First, whether the plaintiff was guilty of any negligence or want of reasonable and ordinary care for his own safety which in any way helped or contributed to cause the accident which resulted in the injuries, if any, herein complained of; and second, whether the defendant was guilty of the negligence charged in the declaration. And unless they find from the evidence that the plaintiff was not guilty of any negligence or want of reasonable and ordinary care for his own safety which in any way helped or contributed to cause the accident which resulted in the injuries, if any, herein complained of, and that the defendant was guilty of the negligence so charged, the verdict must be not guilty. The jurors are not to compromise between the questions of liability and amount of damages nor are they to arrive at a verdict by chance. And even if they find the defendant guilty they must not reach an assessment of damages by adding the amount individual jurors think ought to be awarded and dividing the amount so obtained by the number of jurors voting; *unless you thereafter believe from the evidence, that such amount is warranted by the evidence and thereafter agree upon such amount as a fair and just sum under all the evidence;* and no juror should consent to a verdict which does not meet with the approval of his own judgment and conscience, after

due deliberation with his fellow-jurors, and fairly considering all the evidence admitted by the court and the law as given in the instructions of the court."

We think it clear that the giving of this instruction, as modified, was erroneous. The tendency of the instruction was to induce the jury to arrive at a verdict in the manner censured by the express words of the instruction, provided that, on subsequently conferring together, they could conclude that the verdict arrived at in the prohibited manner was fair and just. The instruction is a dangerous one, and to hold that the giving it is not reversible error would be a dangerous precedent.

In I. C. R. R. Co. v. Able, 59 Ill. 131, the court say:

"It appears, by the affidavit of the officer having in charge the jury, that after agreeing to find for the plaintiff, they differed widely as to the amount of damages, and it was then agreed that each juror should privately write upon a slip of paper the amount of damages to which he thought the plaintiff entitled, and place the slip in a hat; that the amounts should then be added together, and their sum, divided by twelve, should be the verdict. This was done, and a verdict returned accordingly. It is true, a juror swears that there was considerable consultation after this was done, and that each juror agreed upon the result thus reached, as his verdict. He does not, however, deny that an agreement was made, such as is stated in the officer's affidavit, and we can not doubt it was that agreement which controlled the amount of the damages. The rule upon this matter is well settled. It is, that while jurors may resort to a process of this sort as a mere experiment, and for the purpose of ascertaining how nearly the result may suit the views of the different jurors, yet a preliminary agreement that such a result shall be the verdict will vitiate a verdict found under and by virtue of such an agreement. Dunn v. Hall, 8 Blackf. (Ind.) 32; Dana v. Tucker, 4 Johns. (N. Y.) 487; Harvey v. Rickett, 15 Johns. (N. Y.) 87. This rule is so reasonable as to need no comment."

The sole answer of appellee's counsel to the objection to the last instruction is " that the conservative amount of the verdict, under the evidence and facts in this case, gives ample assurance that this was not a quotient verdict." After a careful reading of the evidence we can not concur

in this view.   The trial court required a remittitur of $3,000 evidently thinking the verdict excessive.

We find no reversible error in the refusal of appellant's instructions 27 and 39, or either of them.

We are of opinion that the giving of appellant's instruction 22 as modified by the court is, of itself, sufficient ground for reversal of the judgment, and because of the error in that respect the judgment will be reversed and the cause remanded.