### CARGALL v. RILEY. (7 Div. 328.)

(Supreme Court of Alabama. April 5, 1923.)

1. **Appeal and error ⟲193(1)—Reversible error could not be predicated on obvious and self-correcting mistake in complaint, not pointed out by demurrer.**

Where count 4 of a complaint adopted count 1 by reference, and stated that "in completion of count two adds the following," *held*, that the error in placing "two" where "four" should have been was a clerical error, obvious and self-correcting, and as the demurrer did not point out the defect, and the defendant did not call the attention of the court to the error, no reversible error could be predicated therein.

2. **Evidence ⟲471(8)—Mere surmise or guess of witness held properly excluded.**

Testimony of a witness "that the defendant did not discover my car standing in the middle of the street until he was within 20 or 25 feet of the same" was incompetent evidence, being a mere surmise or guess of the witness, and was properly stricken out.

3. **Evidence ⟲99—Conversation by defendant with third person after accident held res inter alios acta.**

In an action to recover for personal injuries received in an automobile accident, testi-

mony of a conversation by defendant with a witness as to settlement for damage to witness' car, the conversation having taken place after the accident, and plaintiff not being present, was res inter alios acta and irrelevant.

**4. Evidence ⚖≫471(23)—Testimony of speed at which automobile was running held properly admitted as statement of fact.**

In an action to recover damages for personal injuries received in an automobile collision, testimony of witnesses who saw and heard defendant's car as.it approached the car it struck, or as it passed the plaintiff when he was injured, as to the speed at which the car was running, was properly admitted as a statement of fact as it appeared to the witnesses from what they saw and heard.

**5. Municipal corporations ⚖≫706(4)—Not error to admit testimony that witness saw a damaged car at place of accident.**

In an action to recover for damages received in an automobile accident, it was not error to permit a policeman to testify that he had noticed a damaged car at the place of the accident, etc., where all the circumstances showed it to be the same car as the one involved in the accident in controversy.

**6. Trial ⚖≫194(16)—Requested instructions that defendant had legal right to operate automobile at speed of 30 miles per hour held properly refused, as invading province of jury.**

Defendant's request to charge "that under the law the defendant had a legal right to operate his car at a speed of 30 miles per hour, provided you are satisfied from the evidence that a reasonably prudent man under like circumstances would have operated his car at that speed," and "that if defendant was not driving his car in excess of 30 miles per hour he was not guilty of negligence as a matter of law by reason of the speed of his car," were properly denied, because it was a question for the jury, and not for the court, whether defendant was guilty of negligence in running his car at that speed.

**7. Negligence ⚖≫136(9)—Question for jury on inferences from evidence.**

Where there was evidence from which the jury could reasonably infer that the defendant willfully, wantonly, or intentionally drove his automobile against plaintiff, it was not error to refuse a general affirmative charge requested by defendant.

**8. Trial ⚖≫260(1)—Requested charge held properly refused, where the same principle of law was given in other charges.**

Under Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, it was not error to refuse defendant's requested charge, where the principle of law stated in such charge was given in other charges.

**9. Negligence ⚖≫100—Contributory negligence held no defense to charge of willful negligence.**

Contributory negligence of plaintiff is no defense against the charge of willful, wanton, or intentional negligence of defendant.

**10. Appeal and error ⚖≫1068(5)—Even though error to refuse charge on contributory negligence or assumption of risk, in view of special verdict finding wanton negligence, defendant not injured.**

Even though it was error to refuse defendant's instructions on contributory negligence or assumption of risk, it was without injury, in view of the special verdict finding defendant guilty of wanton negligence.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

John H. Riley sues Charles J. Cargall for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

Charges 1 and 2, refused to defendant, read:

"(1) The court charges the jury that under the law the defendant had a legal right to operate his car at a speed of 30 miles per hour, provided you are reasonably satisfied from the evidence that a reasonably prudent man under like circumstances would have operated his car at that speed.

"(2) The court charges the jury that, if defendant was not driving his car in excess of 30 miles per hour, he was not guilty of negligence as a matter of law by reason of the speed of his car."

Culli & Hunt, of Gadsden, for appellant.

In construing pleadings, courts are not justified in reconstructing and transposing the language employed, so as to make certain that which is uncertain. B. R., L. & P. Co. v. Wright, 153 Ala. 99, 44 South. 1037; Crow v. Burtwell, 13 Ala. App. 468, 69 South. 382; Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 South. 25; Cent. of Ga. Ry. Co. v. Carlock, 196 Ala. 659, 72 South. 261. The fourth count of the complaint fails to state a cause of action, and will not support a judgment. Sou. Ry. Co. v. Bunt, 131 Ala. 596, 32 South. 507; Cent. of Ga. Ry. Co. v. Freeman, 134 Ala. 357, 32 South. 778. The excluded portion of the showing of Pete Tucker, that defendant did not discover his car until within 20 or 25 feet of it, was the statement of a collective fact, and should have been admitted. Brandon v. Progress Dist. Co., 167 Ala. 368, 52 South. 640; E. T., V. & G. R. Co. v. Watson, 90 Ala. 41, 7 South. 813.

Hood & Murphree, of Gadsden, for appellee.

The use of the word "two" instead of "four" in the fourth count was a mere clerical error. The count stated a cause of action. The statement in the showing of Tucker was a mere guess or surmise, and was incompetent.

MILLER, J. Suit by John H. Riley, appellee, against Charles J. Cargall, appellant, to recover damages for personal injuries received by him in a collision between an au-

tomobile driven by defendant and an automobile standing in or near the center of Forest avenue near the intersection of Tenth street, in the city of Gadsden. There were four counts in the complaint, to each of which demurrers were overruled by the court. Plaintiff withdrew count 3. The jury returned a verdict in favor of the plaintiff, and based their verdict solely on count 4 of the complaint. Judgment was rendered thereon, from which judgment defendant has prosecuted this appeal.

As the jury returned special verdict in favor of plaintiff under count 4, we will review only the rulings of the court applicable to this count. Count 3 was withdrawn by plaintiff; the general charge as to count 2 in favor of defendant was given by the court; and count 1 was eliminated by the verdict of the jury being based on and under count 4.

[1] Count 4 is a wanton count. It charges the defendant willfully, wantonly, or intentionally drove said automobile against plaintiff, inflicting said injuries and damages. It states a cause of action, and is not subject to the demurrers assigned to it. The defendant insists it is unintelligible, that the demurrers to it should have been sustained, and the verdict of the jury under it should not have been received and entered of record by the court, because it contains the word "two" where the word "four" should be, and neither the court nor the jury could so change it. In the complaint we find the following:

"4. For count four of the complaint plaintiff refers to and adopts all of count one from the beginning thereof down to and including the words where they appear therein, 'all to his damage in the amount of thirty thousand ($30,000) dollars,' and in completion of count two adds the following: 'Plaintiff avers that his said injuries and damages were proximately caused by the willful, wanton, or intentional conduct of defendant, in that defendant willfully, wantonly, or intentionally drove said automobile against plaintiff, inflicting plaintiff's said injuries and damages.'"

. It is true count 4 states, "and in completion of count two adds the following." The demurrer does not point out this defect in the count, and it does not state the count should have the word "four" where it has the word "two." The defendant in its charges did not call the attention of the trial court to the fact that this count should have the word "four" where it has the word "two"; nor did defendant call the attention of the trial court to this defect or error in the count, when it objected to the court receiving the verdict of the jury based on that count alone. However, this error in placing "two" where "four" should have been in count 4 is a clerical one, clearly unintentional from the plain purpose of the count;

the error is obvious, and the defect is self-correcting; therefore no reversible error can be predicated thereon. Sheffield v. Harris, 183 Ala. 357, h. n. 10, 61 South. 88; Wilson v. McKleroy, 206 Ala. 342, 89 South. 584 (on rehearing).

[2] Pete Tucker, witness for defendant, was not present, but a showing was made for him. He was in his Chevrolet car, which was standing still at the time of the injury. His car was injured. Plaintiff had one foot on the running board of witness' car at the time of the injury; the plaintiff's car being on the same side of the street near by, and defendant was running his car between the two cars, defendant's car striking witness Tucker's car. The court, on motion of plaintiff, struck the following from the showing of this witness:

"That the defendant did not discover my car standing in the middle of the street until he was within 20 or 25 feet of the same."

This was incompetent evidence. The witness was testifying as to what the defendant knew when the defendant discovered his car as he approached witness while defendant's car was running. This was a fact known to defendant, and the witness could not tell when defendant, approaching in his car, saw or discovered the car of witness. Such evidence was the mere surmise or guess of the witness, and was properly excluded from the jury.

[3] The court also struck, on motion of the plaintiff, the following conversation of witness with defendant from the showing of this witness:

"That witness then stated, 'What are we going to do about my car, which had its front wheel broken?' and Mr. Cargall [defendant] said, 'I will see you in the morning about that;' and I said, 'All right.' Then Mr. Cargall drove on towards Alabama City. On the following morning the defendant came to see me about my car, and we adjusted this matter between ourselves."

This was res inter alios acta; it was after the collision. The plaintiff was not present, did not hear it, and had no interest in defendant's settlement with witness as to damage to his car. The court did not err in excluding this conversation from the consideration of the jury, as it was not relevant to the issue in this case. 6 Michie, Dig. 257, § 228.

[4] Witnesses who saw and heard the defendant's car running at the time of the collision, or as it approached the car it struck, or as it passed the plaintiff when injured, were properly allowed by the court to state the speed of the car as it appeared to them, as it was a statement of a fact as it appeared to the witnesses from what they saw and heard. Montgomery St. R. Co. v. Shanks, 139 Ala. 490, h. n. 5, 37 South. 166;

Birmingham Ry. & E. Co. v. Franscomb, 124 Ala. 621, 27 South. 508.

[5] The court did not err in allowing the policeman, May Langley, to testify that he noticed a car that was damaged at the place of the accident; that he went there immediately after the injury, and saw a damaged car there. His testimony shows the car damaged was a 'Chevrolet. The evidence was undisputed that a Chevrolet was damaged by defendant there at the time, and the circumstances indicate it was the same car, and belonged to Pete Tucker.

[6] Charges 1 and 2 requested by the defendant were properly refused by the court. The accident occurred about midnight in the public streets of a city, while the defendant was attempting to pass two automobiles standing still or parked close together. It was a question for the jury, and not the court, to decide under the circumstances, time and place of the accident, whether defendant was guilty of negligence in running his car there at a speed of 30 miles, or less than 30 miles, or in excess of 30 miles. These charges placed it on the court and took it from the jury, and were misleading. Then, these two charges were not applicable to the wanton count, numbered 4, on which the jury based and returned their verdict in favor of the plaintiff, but applied to the counts charging simple negligence, which counts were eliminated by the special verdict of the jury.

[7] The general affirmative charge with hypothesis as to the complaint, and as to count 4, were requested by the defendant, and each was refused by the court; they were in writing. There was evidence by the various witnesses indicating that the defendant was running his car at the time he injured the plaintiff at 12, 18, 20, 30, 35, and 50 miles an hour; it was about midnight in the public streets of a city. It is not necessary for us to narrate the evidence. There is positive proof, or evidence from which the jury could reasonably infer, the defendant willfully or wantonly or intentionally drove his automobile against plaintiff, injuring him, as averred in count 4 of the complaint. The averments in count 4 are sustained by positive proof, or by reasonable inferences to be drawn from proven facts, and the court did not err in refusing to give either of these two charges requested by the defendant. McMillan v. Aiken, 205 Ala. 35, h. n. 9–11, 88 South. 135.

[8] Written charge 11, requested by defendant, was refused by the court. Its refusal was not error, as the same principle of law stated in it was given by the court to the jury in written charges 1 and 2, which were requested by defendant and given by the court. Section 5364, Code 1907, as amended by Gen. Acts 1915, p. 815.

[9] Contributory negligence of plaintiff is not available as a defense against a charge of willful or wanton or intentional negligence of the defendant. Kelly v. L. & N. R. Co., 154 Ala. 573, 45 South. 906; 10 Michie, Dig. 592, § 51.

[10] Count 1 charged defendant with simple negligence, while count 4 charged defendant with wanton negligence. The court gave the general affirmative charge with hypothesis in favor of defendant as to count 2; this left counts 1 and 4, which were submitted to the jury, and the jury, returned a verdict in favor of plaintiff under count 4, which eliminated from review by this court count 1, charging simple negligence and count 2. Written charges 3, 6, 9, 10, 15, 16, 18, and 19 requested by defendant and refused by the court, have no application to count 4; they state no principle of law applicable to the count on which the verdict was rendered, but relate or refer to counts 1 or 2, or to contributory negligence or assumption of risk, and state no principle of law applicable to the wanton negligence count. It is not necessary for us to review them. If the court erred in refusing any one of them, it was without injury under the special verdict of the jury.

The verdict of the jury was not contrary to the weight of the evidence, but sustained by it, and the court did not err in refusing to grant the motion for new trial. Sorsby v. Wilkerson, 206 Ala. 190, h. n. 5, 89 South. 657.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.