(101 South. 594)

## BANK OF RAMER v. DERDEN et al.
### (3 Div. 680.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. **Landlord and tenant ⬄251(4)—Landlords held entitled to sue bank to recover proceeds of cotton raised by tenant, as for money had and received.**

Where bank received cotton from plaintiffs' tenant with knowledge of lien of plaintiffs as landlords, and sold cotton and received proceeds thereof, plaintiffs *held* entitled to recover upon count for money had and received, if they did not waive their lien.

2. **Appeal and error ⬄1068(5) — Refusal to give affirmative charge on certain counts held not reversible, where verdict rested on another count.**

Where verdict for plaintiffs rested on count for money had and received, refusal to give affirmative charge as to counts in trover and case *held* not reversible error.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by J. W. Derden and another against the Bank of Ramer. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Eugene Ballard and Rushton, Crenshaw & Rushton, all of Montgomery, for appellant.

An action for money had and received cannot be maintained by a landlord against one who has acquired his tenant's crop with notice of the landlord's lien. Blum v. Jones, 51 Ala. 149; Dulany v. Dickerson, 12 Ala. 601. The action in case was barred by the statute of limitations. Code 1907, § 5367; Fraser v. Allen, 19 Ala. App. 55, 94 So. 782.

Ball & Beckwith, of Montgomery, for appellees.

If defendant sold plaintiff's cotton, it became liable for the proceeds as money had and received. The affirmative charge was properly refused as to this count.

GARDNER, J. This action was commenced on August 2, 1921, by J. W. Derden against the Bank of Ramer, containing a single count in trover for the conversion of four bales of cotton. On October 9, 1923, the complaint was amended by adding thereto as plaintiff in the cause Mary T. Derden, and was further amended by adding counts in case for the destruction of the landlords' lien, and also a count for money had and received.

Plaintiffs jointly rented to one Chewning certain lands upon an agreed rental of $500 per year, and also made advances to said tenant. The indebtedness of Chewning to the plaintiffs was not questioned, nor was it in dispute that the tenant delivered to the

Bank of Ramer four bales of cotton raised upon these premises, as payment on the mortgage indebtedness of said tenant to the bank. The warehouse receipts for these four bales of cotton were hypothecated by the bank with the Fourth National Bank of Montgomery as collateral security, and were subsequently sold for $200.66, for which sum the defendant bank received due credit. As to the merits of the cause, the litigated issue submitted for the jury's determination rested upon the question as to whether or not the plaintiffs had waived their landlords' lien in favor of the bank. The jury determined this issue against the defendant, returning a verdict for the plaintiffs of $246.16. From the judgment following, the defendant has prosecuted this appeal.

It is insisted that as to the plaintiff Mary T. Derden the action in case, added by the amended counts in October, 1923, was barred by the statute of limitation of one year, and that the defendant's requested charge to this effect should have been given, and it is also insisted defendant was entitled to the affirmative charge as to the count in trover. The conclusion reached, however, renders a consideration of these questions unnecessary, as will presently appear, and they are therefore here pretermitted.

[1] The insistence that the affirmative charge should have been given the defendant as to count 4, seeking recovery for money had and received, is without merit. There was evidence tending to show that the bank received this cotton from the plaintiffs' tenant, with knowledge of the lien; that the cotton had been sold, and the bank received the benefits of the proceeds thereof. Under these circumstances, it has been held that an action for money had and received may be maintained. Westmoreland & Trousdale v. Foster, 60 Ala. 448, where the cases of Blum v. Jones, 51 Ala. 149, and Dulaney v. Dickerson, 12 Ala. 601, relied upon by counsel for appellant, are disapproved.

The evidence was without dispute as to the lien of the plaintiffs as landlords on this four bales of cotton, and the destruction of this lien to plaintiffs' damage, and the receipt of the proceeds of the cotton by the defendant. The plaintiffs were therefore entitled to recover upon the count for money had and received, unless they had waived their lien, a disputed issue of fact submitted for the jury's determination. Indeed, it was a simple case, presenting only a single issue of fact, that of waiver vel non of plaintiffs' lien. This issue the jury determined in plaintiffs' favor. We are of the opinion that, taking into consideration the amount for which the cotton was sold and the approximate date of its delivery to the defendant, it is made to very clearly appear that the jury rested their verdict upon this count for mon-

ey had and received, fixing the purchase price of the cotton as a basis, and calculating the interest thereon from the time of its receipt. Indeed, this appears to be conceded, as we read and understand brief of counsel for appellant, wherein the refusal of the affirmative charge as to the count for money had and received is discussed.

[2] It thus appearing that the verdict was rested upon the count for money had and received the refusal to give the affirmative charge as to the counts in trover and case was without injury.

We find no reversible error in the record, and the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.