149 So. 854

## BROWN v. LEEK.
### 7 Div. 978.

Court of Appeals of Alabama.
May 23, 1933.

Rehearing Denied June 30, 1933.

Certiorari denied by Supreme Court in Brown v. Leek (7 Div. 216) 149 So. 855.

Mullins, Pointer & Deramus, of Birmingham, and W. T. Starnes, of Pell City, for appellant.

Frank B. Embry, of Pell City, for appellee.

RICE, Judge.

"The trial was had for conversion of timber and trespass in taking timber." This is the second appeal. The first, transferred to the Supreme Court, under the statute (Code 1923, § 7326), presented the questions which may be called essential to a correct disposition of the litigation. In effect, at least, they were decided against appellant's contentions. The report of the decision on that appeal, 221 Ala. 319, 128 So. 608, contains ample discussion, or narration, of the issues involved. To it the reader is referred, Code 1923, § 7318.

The pleadings and, substantially, the evidence, on the trial resulting in the judgment from which this appeal is taken, were the same as those on the first trial. The issues, as conceded by appellant's capable counsel, were, simply: First, appellee's right, vel non, "to recover for the cutting of the timber by the agents of the Coosa Cooperage Company, —appellant having admittedly sold said timber to the said Coosa Cooperage Company, and, second, if the appellee was entitled to recover, then the damages sustained."

Neither the questions, nor the evidence in support of the respective contentions of the parties, were at all complicated—though the said evidence was in violent conflict. Two juries have returned verdicts in favor of appellee, as appears.

█ We are persuaded that the learned trial court ruled correctly in excluding from the evidence the proffered contract between the witness Daffron and the Coosa Cooperage Company, regarding the sale of timber on other lands than those involved in this suit; said other lands being those belonging to the said witness Daffron, and not being shown to be of the same degree of accessibility, etc., with regard to roads, loading facilities, etc., as those here involved. But whether we, and said trial judge, are correct about this, or not, the said proffered "contract" not being contained in the bill of exceptions, we are unable to review the action of the lower court in excluding it. See Commercial Inv. Trust, Inc., v. East, 217 Ala. 626, 117 So. 160; and Williams v. Alabama Fuel & Iron Co., 212 Ala. 159, 102 So. 136 (headnote 16).

Waiving other considerations—potent—as to why such testimony might not be admissible, under the issues in this case, we are clear to the conclusion that, in any event, before same would be competent, testimony as to what witness Floyd Daffron paid witness Daffron for other timber, etc., would have to be based upon the fact that such other timber was similarly situated with reference to accessibility, etc. It is universally known that upon lands such as those referred to, and involved, in this litigation, certain timber, on certain portions, may be entirely and easily marketable, i. e., accessible, etc., and certain other, though but a few feet or yards removed, almost, if not quite, impossible of being cut, loaded, and marketed, etc. Hence we find no error in refusing to allow the question to witness Floyd made the basis of appellant's assignment of error No. 3.

█ It is very clear from all the evidence that the verdict in appellee's favor rested upon the first count of the complaint. Hence, error, if error there was, in refusing to give appellant's written requested general affirmative charges, etc., as to counts 2 and 3, was error without any injury. Bank of Ramer v. Derden et al., 211 Ala. 666, 101 So. 594.

█ The evidence was ample to support the verdict returned. No "technicalities," as such are generally understood, were invoked by either party, at, or upon, the trial. Both sides appeared willing to meet the issues. The case was, as is evident, carefully tried.

If there was technical error, which we do not decide, in any of the other rulings assigned, etc., here, we are convinced, etc., that no injury was worked to appellant thereby. So no reversal of the judgment would be predicated thereon. Supreme Court Rule 45.

In nothing presented to us, or, for that matter, in nothing apparent, do we see a prejudicially erroneous ruling.

The judgment must be, and is, affirmed.

Affirmed.