104 So.2d 315

A. D. McLANEY

v.

Granville R. TURNER, pro. ami.

4 Div. 889.

Supreme Court of Alabama.

June 19, 1958.

Rushton, Stakely & Johnston, Montgomery, and A. R. Powell, Jr., Andalusia, for appellant.

Frank J. Tipler, Jr., Andalusia, for appellee.

STAKELY, Justice.

Granville R. Turner, by next friend (appellee) brought this action for damages for personal injuries against A. D. McLaney (appellant). The action arose from an intersectional auto-truck collision. The complaint contained a count alleging simple negligence and a count alleging wantonness. The trial of the case resulted in a verdict and judgment for the plaintiff on the count alleging wantonness, in the sum of $50,000. This appeal is from that judgment.

Tendencies of the evidence showed the following. On the morning of November 15, 1955, Granville R. Turner, a minor, twenty years of age, was driving an automobile in a southerly direction in the western lane of Alabama Highway No. 55 between Florala, Alabama, and Andalusia, Alabama, and near the intersection of the Wing-Lockhart Road (Covington County No. 4). It was early in the morning, approximately 6:30 A.M., and due to fog, visibility was very poor. Turner, an enlisted man in the United States Air Force, was en route to Florala to pick up a friend and thence to return to Eglin Field, his place of duty. The defendant, A. D. McLaney, a man of 46 years of age and a Covington County road employee for 27 years, was driving a county owned flat-bed truck in a northerly direction on Alabama Highway No. 55 toward Andalusia. He was engaged in delivering county road hands to their designated place of work. Defendant attempted to make a left-hand turn into Covington County Road No. 4 toward Wing. In so doing he angled across the western lane, designed for southbound traffic, into the path of the oncoming automobile driven by the plaintiff, resulting in a collision between the two vehicles. The point of contact between the two vehicles was the right front side of each vehicle, the major damage occurring when the auto came in contact with the protruding portion of the right front corner of the bed of the truck. The road was straight and flat at the intersection and there were no physical obstructions to hinder vision other than the foggy weather.

The plaintiff's car left skid marks for 60 feet prior to the collision and swerved to the east just before contact with the truck, and after the collision the automobile rolled to a stop on the shoulder of the highway on the eastern side and 75 feet past the point of impact. The defendant did not see the plaintiff approaching due to the fog and the fact that he was looking for his turn-off point, which was difficult to see in the fog. The truck and the auto collided at a point 7 feet west of the center line of the highway and 18 feet south of the center of the intersection. Highway No. 55 is a heavily traveled road and the intersection in question is equally busy. The truck was damaged to the extent of $150. The automobile was damaged to the extent of over $800, the top being entirely "peeled back" by the bed of the truck. The movement of the truck stopped after it had proceeded on into the Wing Road for 45 feet. The defendant

slowed the truck to 5–10 miles per hour before starting his turn and his lights were on.

There was evidence from which the jury could have found that the defendant violated several of the so-called rules of the road in making his turn and there was evidence going to show that the plaintiff while not exceeding the 60 miles per hour speed limit was proceeding at an unsafe speed under the conditions of limited visibility brought about by the fog. The plaintiff was severely and seriously injured.

The appellant has listed 92 assignments of error, 62 of which are referred to in appellant's brief.

■ Assignments 8, 9, 9A, 11, and 12 do not refer to any ruling of the court, hence, they present nothing for our review. Thompson v. State, Ala., 99 So.2d 198;[1] Mulkin v. McDonough Construction Company of Georgia, 266 Ala. 281, 95 So.2d 921; Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; King v. Jackson, 264 Ala. 339, 87 So.2d 623; Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Baldwin, Alabama Truck Farms v. Strode, 184 Ala. 213, 63 So. 521.

■ Assignments of error 31 and 32 are insufficient in that they do not point out explicitly the parts of the oral charge alleged to be erroneous. Those assignments say no more than that the court erred in charging the jury on wantonness which is not adequate. Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89. Moreover there was no proper exception interposed to any part of the court's oral charge as to wantonness. The only exceptions to that phase of the oral charge read: "The defendant excepts to all portions of the court's oral charge wherein the court charged the jury on wantonness * * *. The defendant excepts to all portions of the court's oral charge wherein the court charged the jury on Count 2 of the complaint relating to wantonness." Those exceptions are too indefinite. Birmingham Railway Light &

Power Co. v. Friedman, 187 Ala. 562, 65 So. 939; Conway v. Robinson, 216 Ala. 495, 113 So. 531; Solnick v. Ballard, 218 Ala. 206, 118 So. 381; Alabama Power Co. v. Emens, 228 Ala. 466, 153 So. 729.

■■ Assignments of error 15 and 18 challenge the refusal of the trial court to give affirmative instructions in favor of the defendant as to Count 2, the wanton count. Those assignments are in proper form but they have been argued in brief of appellant together with assignments 8, 9, 9A, 11, 12, 31 and 32, which, as shown above, are without merit. Some of those assignments of error are, in our opinion, unrelated to assignments 15 and 18, hence, we could refuse to give consideration to 15 and 18. Thompson v. State, supra; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449. However, we feel justified in making the observation that after a careful consideration of the evidence we believe that a question for jury determination was presented under the wanton count. Tendencies of the evidence are to the effect that appellant knew that the road on which the collision occurred was heavily travelled and as shown above visibility was very poor due to fog. Nevertheless the evidence tends to show that appellant began his turn to his left across the traffic lane designed for southbound traffic a number of feet before reaching the center of the intersection. In our opinion the cases hereafter cited fully support the trial court's action in submitting to the jury the question as to whether the defendant's conduct constituted wantonness. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Smith v. Lawson, 264 Ala. 389, 88 So.2d 322; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832; Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516; Buchanan v. Vaughn, 260 Ala. 482, 71 So.2d 56; Roberts v. McCall, 245 Ala. 359, 17 So.2d 159; Crocker v. Lee, 261 Ala. 439, 74 So.2d 429.

1. Ante, p. 22.

Assignments of error 28 and 29 charge error in the refusal of defendant's requested charges 20 and 21 which are affirmative in nature as to Count 1A, the negligence count. We are of the opinion that the defendant's negligence and the plaintiff's contributory negligence were questions which were correctly left for the jury's determination. However, even if there was error in refusing defendant's charges 20 and 21, it was error without injury because as indicated above, the jury found for the plaintiff solely on Count 2, the wanton count. Cargall v. Riley, 209 Ala. 183, 95 So. 821; Bank of Ramer v. Derden, 211 Ala. 666, 101 So. 594; Brown v. Leek, 25 Ala.App. 497, 149 So. 854, certiorari denied 227 Ala. 312, 149 So. 855. See Eady v. Heaton, 224 Ala. 327, 140 So. 408.

By assignment of error No. 30, the appellant, the defendant below, asserts error in the action of the trial court overruling the defendant's exception to the following statement made by the trial court at the beginning of his oral charge: "The suit is primarily that of Granville R. Turner. He cannot bring suit in his name, but must sue by guardian or next friend under the laws of Alabama, but he receives the protection of the law as a minor in that way." The trial court's statement just quoted was obviously made for the purpose of explaining to the jury how the minor plaintiff instituted his suit. In our opinion the statement was correct and does not tend to show favor on the part of the trial court toward the plaintiff or prejudice against the defendant. We see no reversible error in the action of the trial court in overruling the exception to that part of his oral charge.

Assignment of error 33 is without merit. Contributory negligence is not a defense to a wanton count and the trial court did not err in so charging the jury.

Assignments of error 34 and 35 do not sufficiently point out the parts of the oral charge alleged to be erroneous. Stowers Furniture Co. v. Brake, supra.

Assignment of error 37 shows no cause for reversal. If there was any error in charging the jury as to the speed limit in this state, the error was cured by the action of the trial court in withdrawing the instruction. Donnell v. Jones, 17 Ala. 689, 52 Am.Dec. 194; Huckabee v. Shepherd, 75 Ala. 342; Alabama Power Co. v. Bruce, 209 Ala. 423, 96 So. 346; Louisville & N. R. Co. v. Bailey, 245 Ala. 178, 16 So.2d 167. See North Carolina Mut. Life Ins. Co. v. Coleman, 32 Ala.App. 287, 26 So.2d 114, certiorari denied 248 Ala. 32, 26 So.2d 120.

Assignment 38 alleges error in the court's oral instruction that, "As a condition to the recovery by the plaintiff it is not required that he prove every one of those (allegations of injury)." The appellant admits that this instruction is legally correct but argues that when considered with the rest of the court's oral charge, it is indicative of the court's favor toward the plaintiff. In the next statement after the one of which complaint is made, the court stated:

"I said as a condition to this recovery. I do not want you to have any misunderstanding like that, but he alleges some of them, and it is up to you to say which one he has proved to your reasonable satisfaction."

The court several times admonished the jury that the court had no leanings toward either party nor should they draw such an inference. The court went to some length to insure clarity of the issues before the jury in an unbiased and impartial manner. No cause for reversal appears from this assignment.

The exceptions reserved to the oral charge of the court constituting assignments of error 39, 40, 41 and 47, were in a general way and by the subject only which gave the trial court no definite information as to the exact language which the defendant found objectionable. Harris v. Wright, 225 Ala. 627, 144 So. 834; Bean v. Stephens, 208 Ala. 197, 94 So. 173.

Assignments 43 and 44 attack statements made by the trial court in its oral charge to the effect that the county could not be held liable for negligence of its employees. The portion of the court's charge of which this assignment complains reads as follows:

"Gentlemen, counsel for the defendant in his argument to you made an observation in words or in substance as follows: 'Now gentlemen, if you penalize this man, and you reward this man for his own negligence, you will be courting one of the most continuing series of law suits against your county and your county employees that any area ever saw in this country.' Should you gentlemen have drawn from this statement an inference or inferences that your county is exposed to any judgment or liability in this suit should you award the plaintiff damages, then, gentlemen, the court wishes to state to you that under the law there is no such liability, nor could judgment be entered against the county under the evidence in this suit."

Conceding, without admitting, that the exceptions taken to the part of the oral charge set out above, were sufficient, we are not willing to reverse simply because the trial judge made the foregoing explanation concerning argument of a kind held improper in the case of Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115.

Assignments 45 and 46 are to the effect that the court erred to a reversal in instructing the jury that if the law as stated by the lawyers conflicted with the law as instructed by the court, then the jury should disregard the statements as to the law made by the lawyers and follow the law as stated by the court. We are unable to see any impropriety in this statement of the trial court and certainly we can see no prejudice to the appellant in that statement.

The appellant does not claim that the verdict rendered in this case was a quotient verdict but in assignment of error 48 he alleges that in charging the jury concerning quotient verdicts, the trial judge erred in that the language used is susceptible of the construction that the trial court entertained the view that a verdict should be rendered for the plaintiff.

It is permissible in the discretion of the court to instruct the jury against reaching a quotient verdict and to explain that kind of a verdict to the jury. Fidelity and Deposit Co. of Maryland v. Adkins, 222 Ala. 17, 130 So. 552. However, in the present case the court went further and instructed the jury as follows:

"However, there is nothing in the law to prevent you, gentlemen, if you want to do it, and we are not telling you what to do or what not to do in your deliberations, to write it down what you think each one ought to recover and add it up and divide it and say what the result is, and then you decide whether or not you want to adopt that as your verdict, if you want to return any verdict at all."

We are in accord with the view of the Illinois Court expressed in West Chicago St. R. Co. v. Dougherty, 89 Ill.App. 362, that such an instruction is a dangerous one and should not be given. However, we do not feel that the rights of the appellant were sufficiently prejudiced by this part of the court's oral charge to warrant a reversal of this cause. As before indicated, it is not claimed that the verdict is a quotient verdict. Although disapproving of the charge, we do not believe that it should work a reversal of the judgment below. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Assignments 49 and 50 charge error in that after appellant interposed exceptions to the court's oral charge the court stated to the jury in substance that the defendant was privileged to take exceptions because that was the way he could get the court's charge reviewed. This was not an incorrect statement of the law. Pied-

mont Fire Ins. Co. v. Tierce, 245 Ala. 415, 17 So.2d 133. The position of appellant seems to be that this statement along with the further statement: "Let it show that they are in the presence of the jury.", constituted a reprimand in the eyes of the jury to counsel for the defendant because he had taken exceptions to the oral charge of the court.

Rather than prejudicing the appellant, however, it seems to us that the court in its explanation of the effect of the exceptions, indicated to the jury that such exceptions of counsel for the defendant were merely within his rights and in so acting the jury should not consider counsel as being impertinent or antagonistic toward the court. As we have heretofore indicated the trial court frequently assured the jury of his impartiality pointing out to the jury that it was to be the sole judge of the facts. We find no reversible error in the conduct of the court here under attack. We feel that a close study of the court's oral charge indicates that diligent efforts were exerted to prevent the jury from inferring that the trial court was interested in a verdict being rendered in favor of one party against the other.

■ Assignment 51 claims error on the part of the court in refusing appellant's motion for mistrial after counsel for the plaintiff set up, in the presence of nine members of the jury, before court opened, a chart which was to be used in argument of plaintiff's counsel to illustrate to the members of the jury certain claims of damages. Appellant says that the display of this chart in the presence of the jury before court convened, constituted extrajudicial communication between plaintiff's counsel and the jury. Under the circumstances of this case we are not willing to say that the trial court erred to a reversal in refusing to declare a mistrial because the chart was set up in the court room a few minutes before court convened at a point where it was within the vision of some members of the jury. The chart was thus displayed in an-

ticipation of the commencement of argument to the jury immediately upon the convening of court. However, we are not to be understood as approving the practice of displaying such charts before the jury except during argument of counsel as hereinafter indicated.

Assignments 52, 54 and 61 charge, in effect, that there was error to reverse in permitting the use of the chart during arguments to the jury over the objection of the appellant in that the chart contained items of unproved damages.

■ The appellant is correct in his contention that counsel in argument to the jury may not argue as fact that which is not in evidence. Ex parte Moulton, 210 Ala. 656, 98 So. 715; Wolffe v. Minnis, 74 Ala. 386; Tennessee Coal, Iron & R. Co. v. Wilhite, 211 Ala. 195, 100 So. 135. However, counsel may, in his argument, state or comment on all proper inferences from the evidence and may draw conclusions from the evidence based on his own reasoning. Louisville & Nashville R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Cahaba Southern Mining Co. v. Pratt, 146 Ala. 245, 40 So. 943. We have frequently said that in the matter of argument much "must be left * * * to the enlightened judgment of the trial court, with presumptions in favor of the ruling." Smith v. Reed, 252 Ala. 107, 39 So.2d 653, 657; Hardy v. Randall, 173 Ala. 516, 55 So. 997; Crocker v. Lee, 261 Ala. 439, 74 So.2d 429.

■ The use of blackboards and charts has been sanctioned in this jurisdiction and in almost all other jurisdictions in this country for use in clarification, explanation and for use by counsel in drawing inferences or making calculations based upon matters in evidence. Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Crocker v. Lee, supra; Lauderdale County Co-op. v. Lansdell, 263 Ala. 557, 83 So.2d 201; 4 County Electric Power Ass'n v. Clardy, 221 Miss. 403, 73 So.2d 144, 44 A.L.R.2d 1191.

■ We are of the opinion that the matters on the chart of which appellant complains could have been orally stated to the jury in argument of counsel in that the amounts of damages set out on the chart could have been stated as inferences of counsel drawn from the evidence and his own resources. See 88 C.J.S. Trial § 181c, p. 356. We feel that the correct rule is set out in a recent Mississippi case in which a very similar problem arose in 4 County Electric Power Ass'n v. Clardy, 221 Miss. 403, 73 So.2d 144, 151, 44 A.L.R.2d 1191. The court spoke as follows:

"In the opening statement to the jury and the arguments of appellee's counsel, his attorneys produced and referred to a chart prepared by them. This chart was about five feet long and four feet high, made of heavy white paper. On it there was written in black ink appellee's name, age, life expectancy, his loss of earning, and medical bills, past and future, and 'pain, suffering and mental anguish, $5 per day', calculated on the basis of the number of days up to the time of trial, and on the remainder of the appellee's life expectancy. At the end of the chart there was totaled the entire monetary damages claimed by appellee. The chart was not introduced into evidence by appellee, but was offered by appellant for the purpose of preserving its point concerning it.

"Appellant contends that it was reversible error to permit appellee's counsel to refer to this chart in the opening statement to the jury and in the arguments. However, we do not think that was error. All of the figures stated in the chart, except those with reference to pain, suffering and mental anguish, were supported by some evidence in the record. * * * Plaintiff's counsel has the right to state his case orally and to outline the evidence by which he expects to sustain it. He would have the right to state orally and in detail what damages he expected to prove, and he would have the right to take a pencil, list those items of damages, and show that sheet of paper to the jury in the opening statement and arguments. So we cannot see any reason why counsel should be denied the equivalent right to prepare in advance a chart outlining what he expects to prove, and to use it in the opening statements and in the arguments. With reference to the figures claimed by the appellee for pain, suffering and mental anguish, there was no evidence on any monetary amount, but the undisputed record showed that appellee suffered and will continue to suffer excruciating and long-continued pain. Counsel had the right to state to the jury what he thought would be proper damages for the jury to award on this item, in his opening statement and arguments. * * *

"In Haley v. Hockey, 1950, 199 Misc. 512, 103 N.Y.S.2d 717, 718, the following occurred: 'Counsel for the defendant objected during the summing up of plaintiff's counsel to the use of certain figures placed upon a blackboard, illustrative of plaintiff's claims for damages. The court caused the figures, so placed, to be erased from the board immediately upon the conclusion of the summation and before the jury was charged. In view of the fact that the black-board has been handily placed for the use of all counsel in Jefferson County, and that both sides have, by well-known custom, used the same for many years, the court cannot find that defendants' rights were prejudiced in this case.'

"In J. D. Wright and Son Truck Line v. Chandler, Tex.Civ.App.1950, 231 S.W.2d 786, 789, it was contended that the trial court erred in permitting plaintiff's counsel to argue that for pain and suffering plaintiff should be allowed damages at the rate of $2 per day. The Texas Court observed that 'counsel may in argument to the jury suggest and state what he believes the

evidence shows in the way of damage award. * * *'; and that counsel may draw deductions as to the extent of pecuniary damage, within the confines of the evidence. Birks v. East Side Transfer Co., 1950, 194 Or. 7, 241 P.2d 120, 135, involved a suit for damages arising out of a motorcycle collision. The court approved the use of a blackboard in explaining to the jury the testimony of witnesses and in the arguments. In the instant case, the learned trial judge observed in his opinion on the motion for new trial that attorneys in his court have been using charts and blackboards in opening statements and arguments 'for a long time.' When so limited for those purposes, we think that they are permissible aids to setting forth clearly the positions of the litigants."

The use of a chart was deemed proper by the trial court under the circumstances prevailing and without a showing of abuse of that discretion and prejudice to the appellant, we are not willing to reverse the judgment appealed from because of the use of the chart.

■ Assignments 55, 56, 57, and 58 are to the effect that the court erred in permitting counsel for the plaintiff over objection to state to the jury that, "If you award this boy (plaintiff) a judgment it will not cost you or me as taxpayers one red cent * * * the Court will charge you as a matter of law, and he knows it, that the county cannot be sued for a thing like this. * * * That is a correct statement of the law and I think if the court charges you on that at all he will say exactly what I said. The county in the course of its governmental authority * * * governmental acts * * * cannot be sued by you or me or anyone else." We are of the opinion that it was not error to permit plaintiff's counsel to make the quoted statements inasmuch as he was replying in kind to statements made by counsel for the defendant, part of which are as follows: "Now, gentlemen, if you penalize this man and you reward this man for his own negligence you will be courting the most continuing series of law suits against your county and your county employees that any area ever saw in this country."

■ Assignments 63, 66, 74, 78 and 86 are based upon the allowance of alleged leading questions. Such matters are within the discretion of the trial court. Kay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510.

■ Assignment 76 is based on the admission of Exhibit No. 7 for plaintiff, which was a diagram of the accident scene prepared by the counsel for the plaintiff and Officer McGaughy, one of the investigating highway patrolmen. The chart varies in some respects from the official report drawn and submitted by Officer McGaughy to the Highway Patrol (Exhibit F for Defendant). Counsel for both plaintiff and defendant used the diagram before the jury as an aid to clarity in examining various witnesses, and on this basis the court admitted the diagram into evidence over appellant's objection. In the case of Arrick v. Fanning, 35 Ala.App. 409, 47 So. 2d 708, 711, witnesses were frequently requested to explain their testimony by use of a diagram of the scene of the accident, and intersection of two highways. The diagram was frequently used by both sides as an illustration, and the court said: "It is true the diagram was not formally introduced as an exhibit in the evidence. However, the nature and character of its frequent use compelled its introduction." See also Henley v. Lollar, 35 Ala.App. 182, 44 So.2d 791. There was no error in admitting this exhibit into evidence due to its use by both parties without objection prior to its formal offer as evidence.

■ Assignment 80 concerns the admission of testimony of Dr. Bostwick as to what the plaintiff told him he recalled concerning road conditions at the time of the accident, his speed and the time of the accident. The statements were made to Dr.

**600**

'Bostwick in the course of an examination of the plaintiff by the doctor and were admitted to establish the basis for the doctor's findings as to the condition of the plaintiff and not as evidence as to how the wreck occurred. The jury was instructed that such testimony was not to be considered as establishing conditions surrounding the accident. All such statements were properly qualified by the court and were admissible for the purpose stated and do not constitute inadmissible hearsay. State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672; Birmingham Union Ry. Co. v. Hale, 90 Ala. 8, 8 So. 142; Wigmore on Evidence, § 1720, p. 72.

■ Assignment 83 claims error for the admission by the court of testimony by the plaintiff as to what he told Dr. Bostwick concerning the time he left home the day of the accident. Appellant contends that this constituted hearsay and plaintiff was here allowed to manufacture his own evidence. The court properly admitted this testimony as an answer to the cross-examination of the plaintiff by the counsel for appellant on the question of what time plaintiff told Dr. Bostwick he left home.

■ Assignment 5 charges error in the overruling of the appellant's motion for a new trial. Most of the grounds set out in this motion have already been discussed supra, except the claim of excessive verdict. Appellant claims the verdict resulted from prejudice, partiality or passion. We do not agree with this contention and feel that the the words of a similar case, Louisville & Nashville Railroad Co. v. Tucker, supra [262 Ala. 570, 80 So.2d 298], best voice our findings in this case and the applicable rule:

> "Considering the elements of damage in the case and remembering that the authority vested in the courts to disturb the verdict of the jury on the ground of excessive damages is one which should be exercised with great caution and discretion, we are constrained to hold that the ruling of the court refusing to set aside the verdict should be upheld. We are unable to say that the amount of the verdict is the result of passion, prejudice, partiality or corruption on the part of the jury. We do not feel authorized to set the verdict aside especially in the face of the refusal of the trial court to do so after he heard the evidence and saw the plaintiff before him. Central of Georgia Ry. Co. v. White, 175 Ala. 60, 56 So. 574."

The remaining assignments of error are of no merit.

After a careful study of the record and of each question urged in the briefs of the appellant, it is our opinion that the judgment of the lower court should be affirmed.

Affirmed.

All the Justices concur.

