201 So.2d 389

**John Henry FOUNTAIN et al.**

**v.**

**Dannie WATERS, Jr.**

**1 Div. 372.**

Supreme Court of Alabama.

June 1, 1967.

Rehearing Denied Aug. 17, 1967.

Chas. S. Street, Tyson, Marr & Friedlander, Mobile, for appellee.

HARWOOD, Justice.

In the trial below the plaintiff sued for damages resulting from an automobile collision with a truck belonging to the defendant, B. F. Goodrich Company, Inc., which at the time was being driven by the co-defendant John Henry Fountain, an employee of Goodrich.

Verdict was for the plaintiff, and judgment was entered pursuant to the verdict.

The co-defendants have perfected their appeals from such judgment.

The sole point presented for our review relates to an exception taken to a portion of the court's oral charge. In this connection the record shows the following:

"For the protection of the Record, the Defendants and each of them, respectfully except to that portion of the Court's oral charge wherein it was stated in substance that there was nothing wrong with writing down what you think you should award after you have agreed on liability, and as grounds for exception assign the following: (1) That this suggests a verdict for the plaintiff, and it is prejudicial to each and every one of the defendants, and is ineradicable from the minds of the Jury."

The full instruction of the court in which the above portion of the oral charge occurs, reads as follows:

James J. Duffy, Jr., of Inge, Twitty, Duffy & Prince, Mobile, for appellants.

"Your verdict in this case, as in all cases in Alabama, must be a unanimous verdict. It may not be arrived at by any mathematical formula, it may not be arrived at by any majority vote. It must be the individual verdict of each member of the jury as an individual. There is nothing wrong with taking votes, nothing wrong with everybody writing down what they think would be a fair award, after you have agreed on liability,—after you have agreed that there should have been an award, there is nothing wrong with writing down what everybody thinks would be a fair award. But, when you agree in advance to be bound by the results of any mathematical computation, or any majority vote, you render an illegal verdict. It is the duty of each member of the jury to tell me about this illegal verdict, and it is my duty to immediately set it aside."

A reading of the entire oral instruction given by the court to the jury also shows that prior to above excerpted portion, the court had fully instructed the jury as to the burden of proof on the plaintiff to establish his complaint, and if "you are unable to tell which one was at fault, or what a fact actually is, or what was the true fact, if that occurs, then the party that has the burden of showing it has failed."

Also, prior to giving that portion of the oral charge to which the exception was reserved, the court instructed the jury:

"Nothing I have said or done, or nothing I will hereafter say or do, has been designed to suggest to you what I think you ought to do with the case. You are the sole judge of the evidence. I must not, and I will not trespass into your field of responsibility."

The court also gave at the defendants' request several written charges. Among these was Charge 11, which was to the effect that the burden was upon the plaintiff to reasonably satisfy the jury from the evidence that the defendants were guilty of negligence which proximately caused the collision and injuries and damages complained of, and unless the jury was reasonably satisfied from the evidence that the plaintiff has met this burden, then the jury could not return a verdict against the defendants.

Counsel for appellants (defendants below) argue in brief that the portion of the charge to which an exception was reserved "is grossly erroneous in that it assumes in the first place that a verdict for the plaintiff will be rendered; it intimates how the trial judge feels with respect to the verdict; it suggests a legal method of arriving at an otherwise illegal verdict."

After a reading of the entire oral charge, we do not agree with these contentions. The court, in clear language, instructed the jury that nothing the court had said or done, or would thereafter say or do, was designed to suggest to the jury what the court thought they should do—"I must not, and will not, trespass into your field of responsibility." The court also made it clear that no figures were to be written down by the jurors until after they had first agreed upon liability on the part of the defendants.

A highly similar situation to the one now before us was considered by this court in McLaney v. Turner, 267 Ala. 588, 104 So.2d 315, and the court wrote:

"It is permissible in the discretion of the court to instruct the jury against reaching a quotient verdict and to explain that kind of a verdict to the jury. Fidelity and Deposit Co. of Maryland v. Adkins, 222 Ala. 17, 130 So. 552. However, in the present case the court went further and instructed the jury as follows:

" 'However, there is nothing in the law to prevent you, gentlemen, if you want to do.it, and we are not telling you what to do or what not to do in your deliberations, to write it down what you think each one ought to recover and add it up and divide it

**234**

and say what the result is, and then you decide whether or not you want to adopt that as your verdict, if you want to return any verdict at all.'

"We are in accord with the view of the Illinois Court expressed in West Chicago St. R. Co. v. Dougherty, 89 Ill. App. 362, that such an instruction is a dangerous one and should not be given. However, we do not feel that the rights of the appellant were sufficiently prejudiced by this part of the court's oral charge to warrant a reversal of this cause. As before indicated, it is not claimed that the verdict is a quotient verdict. Although disapproving of the charge, we do not believe that it should work a reversal of the judgment below. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix."

We consider the above observation decisive of this appeal.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.