(130 So. 552)

FIDELITY & DEPOSIT CO. OF MARYLAND et al. v. ADKINS.

6 Div. 575.

Supreme Court of Alabama.

Oct. 30, 1930.

London, Yancey & Brower and Mullins & Jenkins, all of Birmingham, for appellants.

Harsh & Harsh and Francis Hare, all of Birmingham, for appellee.

## BROWN, J.

 Action for false imprisonment. The count on which the case was tried avers "that said defendant George Lamb, acting under color of his office as such deputy sheriff, wrongfully arrested plaintiff, and as a proximate consequence thereof plaintiff was greatly vexed," etc. The demurrer, which was overruled, takes the point that the complaint does not allege that the arrest was unlawful and that the averment that defendant was acting under color of his office is a mere conclusion of the pleader.

We are of opinion that the demurrer was properly overruled.

In the case of Hotel Tutwiler Operating Co. v. Evans, 208 Ala. 252, 94 So. 120, 122, it was observed that "a wrongful arrest * * * is not rightful; and, if not rightful, it is necessarily unlawful." Central of Ga. Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261.

The arrest in this case was made on November 26, 1928, for a misdemeanor not committed in the presence of the arresting officer, and the point most strenuously litigated was whether or not the officer was armed with a warrant authorizing the plaintiff's arrest. On this question the evidence was in conflict, the tendencies of the evidence favorable to the plaintiff going to show that the arrest was without a warrant and that the warrant was obtained on the complaint of the officer after the plaintiff had been committed to jail.

The tendencies of the evidence favorable to the defendant were that the warrant of arrest was issued on the 24th of November on the sworn complaint of the defendant Lamb.

Over the objection of the defendant the court allowed the plaintiff to offer evidence going to show that on the 24th of November the defendant Lamb and others searched the plaintiff's home while the plaintiff and his wife were absent therefrom, and that on a vacant lot near where plaintiff lived, but not connected with his residence and over which he had no control, the officers found some stone jars or churns containing what they said was "home-brew."

Plaintiff's evidence further tended to show that at that time there were no prohibited liquors in his place of residence, and that he had no connection with or knowledge of the jars or churns and their contents, found by the searching officers.

 While malice is not an essential element of the cause of action, evidence going to show malice is admissible against the wrongdoer in aggregation of damages. Rich v. McInerny, 103 Ala. 345, 15 So. 663, 49 Am. St. Rep. 32; Phillips et al. v. Morrow, 210 Ala. 34, 97 So. 130. The objection to the evidence offered by plaintiff made by the defendants jointly was overruled without error. Phillips v. Morrow, supra.

 For like reason the "defendants'" objection to the evidence showing that the case made by defendant Lamb against plaintiff was nolle prossed, was overruled without error. This evidence had some tendency to show that the charge was not well grounded. Phillips v. Morrow, supra.

 It is well settled that plaintiffs, in actions for false imprisonment, where the damages are specially claimed, may recover for any reasonable and necessary expense incurred as a result of the unlawful imprisonment, including attorney's fees for services in procuring his discharge. 25 C. J. 558, § 173. But such fees for defending the plaintiff against the prosecution of the charge, while recoverable in an action for malicious prosecution, are not recoverable in an action for false imprisonment, unless such services are necessary to secure the plaintiff's discharge from the illegal restraint.

 The evidence is without dispute that the plaintiff was admitted to bail soon after his confinement in jail, and the fee expended in procuring the bail and his discharge from imprisonment, on principles above stated, was proper element of damages, but attorney's fees for defending him against the prosecution incurred after his discharge from imprisonment were not proper elements of damages, and the court erred in admitting such evidence over defendant's objection. This error, however, was rendered innocuous by the giving, at defendant's instance, charge 9, instructing the jury that such damages could not be awarded.

 For like reason the court erred in allowing plaintiff, over defendant's objection, to show that he lost time in attending court to defend against the prosecution, and the value thereof.

 The defendant Lamb, testifying as a witness on his own behalf, stated that on the day of the raid, November 24, 1928, the home-

brew was found by him "in his (plaintiff's) back yard or back lot." When this testimony was given 'there was evidence going to show that the back lot where the home-brew was found was not the lot on which plaintiff's house was situated, and that said lot was not under his control, and the witness was not shown to have had any particular knowledge as to the borders of plaintiff's premises. In these circumstances, therefore, his statement was a conclusion which it was the province of the jury to draw, and the motion to exclude was properly granted. Brandon v. Progress Distilling Company, 167 Ala. 365, 52 So. 640.

Charge 1 given at the request of plaintiff was explanatory of the oral charge and written charges given for the defendant, and was given without error.

The other charge given for plaintiff asserts a correct principle of law.

The several charges refused to defendant were well refused as invasive of the province of the jury.

For the error in allowing plaintiff to show loss of time and the value thereof, the judgment will be reversed, unless the appellee files a remittitur with the clerk of the court within ten days, reducing the amount of the recovery to $982, the evidence being without dispute that plaintiff's lost time amounted to $18. If the remittitur is filed, the judgment will be affirmed, and appellee taxed with one-half of the costs of the appeal.

Reversed conditionally.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.