190 So.2d 364 (1966)
CITY OF MIAMI BEACH, a Municipal Corporation, and Sherwood Griscom, Appellants,
v.
Nick BRETAGNA, Appellee.
No. 65-1003.
District Court of Appeal of Florida. Third District.
September 27, 1966.
Joseph A. Wanick, Miami Beach, for appellants.
Tobias Simon, Miami, for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
This is an appeal from a final judgment for the plaintiff after a jury verdict in a suit for false arrest and imprisonment.
The plaintiff below, Nick Bretagna, sued Sherwood Griscom, a police officer, and his employer, the City of Miami Beach, Florida, for false arrest and imprisonment, seeking compensatory and punitive damages. The plaintiff failed to give proper notice as required by law, and the City was dismissed from the case. A jury found for the plaintiff, a judgment for Nine Hundred Dollars was entered against Griscom, and this appeal followed.
The plaintiff, Bretagna, has cross assigned as error the entry of the order dismissing the City as a party to the cause. The order of the trial court dismissing the City as a party is affirmed, because at the time suit was filed, the plaintiff had failed to comply with then existing Section 95.241, Florida Statutes, F.S.A., which provided:
"(1) No suit arising out of any action in tort or sounding in tort shall be maintained against any municipal corporation of Florida unless written notice of the claim, giving time, place, and circumstances *365 of the injury, is given the presiding officer of the governing body of the municipality or the city manager or the city clerk or recorder or the city attorney within thirty (30) days of the occurrence of the injury or of the discovery of the injury. * * *"
* * * * * *
The statute was subsequently amended, but we must consider this case under the statute as it existed at that time.
Bretagna seeks to escape from non-compliance with the statute under the authority of Rabinowitz v. Town of Bay Harbor Islands, Fla. 1965, 178 So.2d 9. That case is not applicable since the elements found necessary to invoke an "estoppel" against the municipality are not present here.
Had we been jurors, we might have found for the defendant, Griscom. The jury, however, hearing the conflicting evidence, found for the plaintiff, Bretagna, and we are governed on appeal by the rule enunciated in 2 Fla.Jur. Appeals § 343:
"* * * The test of sufficiency of the evidence is not that of minds trained in the art of fine discrimination or what the justices of the appellate court would have decided had they been on the jury, but is rather, whether the evidence is such that reasonable men could have reached the verdict or whether the members of the court, viewing the case in its aspect most favorable toward the successful litigant, can say that the jury as reasonable men could not have found the verdict as they did and that therefore the verdict, though approved by the trial judge, is wrong and the judgment should be reversed for a new trial." (Emphasis added.)
We find that there was sufficient evidence to sustain the jury verdict for damages for the false arrest and imprisonment. See S.H. Kress & Co. v. Powell, 1938, 132 Fla. 471, 180 So. 757.
The last point on appeal concerns the objection to the trial court's instruction to the jury that the plaintiff was entitled to recover reasonable attorney's fees from the defendant.
The plaintiff contends that in a suit for false arrest and imprisonment, a plaintiff is entitled to recover reasonable attorney's fees under the authority of Fidelity & Deposit Co. v. Adkins, 1930, 222 Ala. 17, 130 So. 552, which states as follows:
* * * * * *
"It is well settled that plaintiffs, in actions for false imprisonment, where the damages are specially claimed, may recover for any reasonable and necessary expense incurred as a result of the unlawful imprisonment, including attorney's fees for services in procuring his discharge. 25 C.J. 558, § 173. But such fees for defending the plaintiff against the prosecution of the charge, while recoverable in an action for malicious prosecution, are not recoverable in an action for false imprisonment, unless such services are necessary to secure the plaintiff's discharge from the illegal restraint.

"The evidence is without dispute that the plaintiff was admitted to bail soon after his confinement in jail, and the fee expended in procuring the bail and his discharge from imprisonment, on principles above stated, was proper element of damages, but attorney's fees for defending him against the prosecution incurred after his discharge from imprisonment were not proper elements of damages, and the court erred in admitting such evidence over defendant's objection. * * *" (Emphasis added)
* * * * * *
The evidence clearly establishes that the plaintiff, sub judice, was admitted to bail without the services of an attorney, and that the attorney's fee of One Hundred Fifty Dollars was for defending him in the prosecution of the charges, after he was discharged from the alleged illegal custody. *366 Therefore, even under the authority of the Fidelity & Deposit Co. case, supra, the plaintiff would not be entitled to recover the attorney's fees expended, since these services were not to secure his discharge from the illegal restraint.
The only evidence submitted was that the plaintiff testified that he was obligated to pay One Hundred Fifty Dollars as reasonable attorney's fees. We have failed to discover any authority that reasonable attorney's fees are recoverable in an action for false arrest and imprisonment in Florida.
Therefore, in order to save the expense of further proceedings, we are reducing the judgment of Nine Hundred Dollars by the amount of the attorney's fee of One Hundred Fifty Dollars which was improperly allowed, and remand the cause to the trial court, with instructions for the entry of a judgment for the plaintiff in the amount of Seven Hundred Fifty Dollars.
It is so ordered.