**Katie Ruth ANDERSON et al., Plaintiffs-Appellants,**

v.

**J. T. ROBINSON, Individually and as police chief of the City of Natchez, Mississippi, etc., Defendant-Appellee.**

**No. 73–2638.**

United States Court of Appeals, Fifth Circuit.

July 11, 1974.

Herman Wilson, Lawyers' Committee for Civil Rights Under Law, Jackson, Miss., Thomas E. Engel, Asst. U. S. Atty., Lawrence D. Ross, New York City, Bernard Jolles, Portland, Or., Lionel G. Hest, New York City, for plaintiffs-appellants.

Joseph S. Zuccaro, Natchez, Miss., A. F. Summer, Atty. Gen., William A. Allain, 1st Asst. Atty. Gen., Charles A. Marx, Jackson, Miss., Edwin E. Benoist, Jr., Natchez, Miss., for defendant-appellee.

Before COLEMAN, CLARK and GEE, Circuit Judges.

PER CURIAM:

One hundred-fifty plaintiffs appeal, as an abuse of discretion, the refusal of the trial court to grant a new trial on the ground of grossly inadequate damages awarded them by a jury for false imprisonment. We affirm.

Phases of this matter have now occupied our court four times. As a result of panel and en banc decisions,[1] Appellee

1. Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971), modified en banc, 456 F.2d 835 (5th Cir. 1972).

Robinson, then Police Chief of Natchez, was found liable for false imprisonment of racial protest demonstrators in 1965. On remand for assessment of damages, seven of the 157 plaintiffs appeared and testified to specific individual damages resulting from their imprisonment. Those who presently appeal did not. The case went to the jury on the testimony of the seven and on stipulation that all 157 were confined for varying specified periods in the Mississippi State Penitentiary.[2]

The jury returned a verdict assessing damages of all plaintiffs at a uniform rate of five dollars per day. The court ordered a new trial for the seven who testified but denied that relief to these appellants. An earlier appeal was dismissed for jurisdictional defects [3] which have since been remedied, and we now consider the merits, having already received briefs and heard argument thereon.

■■ One falsely imprisoned is entitled to at least nominal damages. Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969). No evidence was offered by these plaintiffs of any particular or specific damages, and their counsel expressly invited the jury to assess damages at a per diem rate. The precise complaint on appeal is that the compensation rate selected by the jury for an abstract day's detention in prison is so grossly and palpably inadequate that the district court abused its discretion in refusing a new trial.[4]

We possess no yardstick with which to measure such abstractions. Here the jury appears in its town-meeting aspect, the evaluator of the unevaluable, the last recourse for answers to questions to which there is no sure answer. That we, or that another town-meeting, might

answer differently does not signify. We are unable to say that the court below abused its discretion in refusing to ask another jury for another set of answers.

Affirmed.

---

2. Where they were sent to await trial, there being insufficient local confinement facilities.

3. Anderson v. Robinson, 494 F.2d 45 (5th Cir. 1974).

4. Robinson's sole liability is for failing to take the plaintiffs before a magistrate after their arrest; our en banc decision determined that he was not to be cast in damages under 42 U.S.C. § 1983 for the conditions of detention at the prison.