NEISNER BROTHERS, INC., a corporation, Appellant,

v.

Leslie K. RAMOS, a minor, by her grandmother and next friend, Lucille J. Dennis, and Lucille J. Dennis, Appellees.

No. 7914.

District of Columbia Court of Appeals.

Argued Sept. 10, 1974.

Decided Oct. 16, 1974.

Benjamin Evans, with whom Dorsey Evans, Washington, D. C., was on the brief, for appellant.

Samuel J. Ochipinti, Suitland, Md., for appellees.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from a jury trial verdict and award of damages in favor of appellees, who had brought suit to be compensated for mental distress suffered as a result of having been detained in appellant's department store under suspicion of "shoplifting". Appellant presents two issues on appeal: (1) Whether there was probable cause for arrest of the appellees as a matter of law; and (2) whether the appellees were required to prove special damages in order to recover for mental distress. We affirm.

On September 25, 1971, appellees were in appellant's department store. While in the store, appellee Leslie Ramos examined a pair of African bangle earrings with an eye toward purchasing them. Apparently unable to decide, Miss Ramos carried the earrings to appellee Dennis, who was standing a few feet away, for her observation and opinion. Appellee Dennis advised Miss Ramos not to purchase the earrings. Miss Ramos carried the earnings back to the counter where they belonged, but she did not return them to the stand where they had been on display. Thereafter, appellees left the earring counter.

As they were leaving, the employee-security guard approached them and escorted them to the security office. The security employee had been observing the appellees from the mezzanine floor. He testified that he saw appellee Ramos pick up a handful of earrings and he did not see them returned to the counter. The officer sought to detain and search the appellees. When no merchandise was found on their persons, appellees were released. Because of the detention and search, appellee Dennis became nervous, could not sleep, and visited the doctor about fifteen times to have this condition treated.

■ Appellant's first contention is that the trial court erred in not ruling, under these facts, that there was probable cause to detain the appellees as a matter of law. It is well settled in this jurisdiction that the existence of probable cause is a mixed question of law and fact. May Department Stores Co. v. Devercelli, D.C. App., 314 A.2d 767, 771 (1973); Smith v. Tucker, D.C.App., 304 A.2d 303, 306 (1973); Brooking v. Lemon, D.C.Mun. App., 96 A.2d 849, 851 (1953). Under the evidence of the instant case, the facts were in dispute as to what occurred at the earring counter and reasonable men could differ as to whether there was probable cause to arrest under the circumstances. Therefore, the trial judge did not err in submitting that question to the jury. Only when the facts are not in dispute will the court make the determination of probable cause. Smith v. Tucker, *supra*, 304 A.2d at 306.

■ Appellant next argues that the appellees are required to prove special damages before they are entitled to compensation for discomfort, inconvenience, annoyance or mental distress due to the detention. While appellant's contention would have validity if this case were one charging negligence, such an argument cannot be asserted when the cause of action is based on an intentional tort. *Cf.* Chesapeake & Potomac Tel. Co. v. Clay, 90 U.S. App.D.C. 206, 194 F.2d 888 (1952). It is generally accepted that in a cause of action charging false imprisonment, the plaintiff, without having to prove special damages, can be compensated for "mental suffering, including fright, shame, and mortification from the indignity and disgrace, consequent upon an illegal detention." 32 Am. Jur.2d False Imprisonment § 114 (1967). *See* W. Prosser, The Law of Torts § 11 (4th ed. 1971). Therefore, appellant's second argument fails.

In summary, where the facts are in dispute it is within the jury's province to determine whether there was probable cause to detain one suspected of shoplifting. In addition, in a cause of action charging false imprisonment—an intentional tort—the plaintiff need not prove special damages in order to recover for mental distress.

Affirmed.