Katie Ruth **ANDERSON** et al.,
Plaintiffs-Appellees,

v.

**C. E. BREAZEALE,**
Defendant-Appellant.

No. 74–3022
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1975.

Rehearing and Rehearing En Banc
Denied March 19, 1975.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

930

A. F. Summer, Atty. Gen., Wm. A. Allain, First Asst. Atty. Gen., James M. Ward, Sp. Asst. Atty. Gen., Jackson, Miss., for defendant-appellant.

Herman Wilson, Lawyer's Committee for Civil Rights Under Law, Jackson, Miss., Lionel G. Hest, New York City, for plaintiffs-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal presents another installment in the civil rights litigation concerning the October, 1964 arrest and resulting summary detention at Parchman Prison, Mississippi, of a group of freedom marchers. In Anderson v. Nosser, 5th Cir. 1972, 456 F.2d 835 (en banc), modifying 438 F.2d 183, we directed entry of a verdict on issues of liability against appellant Breazeale, the superintendent of Parchman at the time in question. Detailing certain conditions under which the plaintiff-appellees were peremptorily imprisoned for parading without a license, which "punishment was solely the work of Breazeale," 456 F.2d at 839, ·we held as a matter of law that the evidence proved appellant's responsibility for wholesale due process violations. We remanded for trial on damages.

In the court below, much of the evidence before the jury consisted of a stip-

ulation in which the defendant admitted the forced consumption of laxative, the stripping of both men and women, and the dismal physical layout of Parchman's maximum security unit. Out of 157 consolidated plaintiffs, 26 testified. Some claimed special damages such as lost wages due to illness; others described their fear and humiliation; some described severe physical abuse to themselves as well as to others; while a few appeared to have suffered less than the majority. In any event, the testimony served essentially to highlight and supplement with particular individuals' experiences the basic conditions already established by our *en banc* decision and the stipulation. Apparently unmoved by these variations in details, however, the jury returned a verdict containing 157 separate awards, each of $500, as compensatory damages. Appellant now urges the complaints against the verdict which he asserted below in his unsuccessful motions for a new trial.

■ At the outset we are met with appellee's argument that this appeal is not proper, inasmuch as appellant appealed only the order overruling his posttrial motions but not the judgment itself. This argument is not without persuasive force, given the apparent gist of appellant's position: namely, that some of those plaintiffs who testified might, under the evidence and charge, have received larger awards, whereas appellant does not seriously attack the identical $500 awards made to those who did not testify. Yet, while we are mindful that "a party who is not adversely affected by the jury's disregard of its duty cannot complain," 6A J. Moore's Federal Practice ¶ 59.08 [4], at 138–39 (1974), appellant's challenges to the very processes by which the jury performed its duty incline us to view this case as one in which the trial court's ruling may be reviewed for abuse of discretion. Whiteman v. Pitrie, 5th Cir. 1955, 220 F.2d 914, 919; Rosiello v. Sellman, 5th Cir. 1965, 354 F.2d 219. Finding no abuse, we affirm.

■ Appellant's first contention—whether one perceives it as an assertion that the jury breached its duty to consider each plaintiff seriatim or an allegation of a compromise verdict—is due to be rejected. The principal elements of damages in this case were intangibles: mental suffering, anxiety, and emotional indignities. Unlike medical bills, funeral expenses, or damage to physical property, these items were incapable of certain measurement. As in Anderson v. Robinson, 5th Cir. 1974, 497 F.2d 120, 121, another case arising from the Parchman episode, "[w]e are unable to say that the court below abused its discretion in refusing to ask another jury for another set of answers." *Anderson*, significantly, affirmed a jury verdict of $5.00 per day against the then Police Chief of Natchez in favor of 150 of these same plaintiffs. Further, we fail to appreciate appellant's suggestion that the jurors compromised on the awards, there being no issue of liability in the case. *Cf.* Vidrine v. Kansas City Southern R. Co., 5th Cir. 1972, 466 F.2d 1217, 1226. For this reason, as well as the intangible nature of the damages, we consider appellant's reliance on *Vidrine* misplaced.

■ Appellant next maintains that the verdict reflects disguised punitive damages. The short answer is that the verdict form did indeed contain a blank beside each plaintiff's name, labeled "punitive damages," in which the jury could have reported such figures as it found appropriate. The jury declined to do so, and we decline to indulge in speculation about the jury's motives. Cook Industries, Inc. v. Carlson, 334 F.Supp. 809, 817 (N.D.Miss.1971), relied on by appellant, is not in point. There the court simply followed the general rule that punitive damages are not recoverable absent proof of actual damages. Here, by contrast, the jury merely exercised its prerogative to withhold exemplary damages.

■ In his final point meriting discussion, appellant complains about the admission of two types of evidence concerning beatings. First, some plaintiffs in their testimony had referred to physical abuse of unidentified co-arrestees. Second, testimony was admitted concerning beatings at the hands of highway

patrolmen and policemen outside the maximum security unit. Appellant contends initially that this testimony should have been excluded under the law of the case, since the *en banc* opinion said, apparently in reference to the period at Parchman "[h]ere plaintiff arrestees were not beaten." 456 F.2d at 841. In addition, appellant argues that he cannot be held responsible for the use of force by others outside his command. He implies that a dilemma was created at trial by the references to unidentified victims, thus leaving the jury to cast him for damages caused by unnamed state officials to unknown arrestees. In view of these unspectacular, uniform individual awards, however, we do not believe the jury did so. We view the error, if any, as harmless on the whole record, F.R. Civ.P. 61, and clearly the district court's refusal to grant a new trial on this basis manifested no abuse of discretion.

In conclusion, appellant's allegations of jury misconduct, which the trial judge rejected after interviewing the jurors, are entirely without merit. The order overruling appellant's motions for a new trial is

Affirmed.