Larry BARNES, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 81–910.

District of Columbia Court of Appeals.

Submitted Sept. 14, 1982.

Decided Dec. 8, 1982.

Samuel J. Ochipinti, Forestville, was on the brief for appellant.

Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, and Steven H. Leventhal, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before KELLY, BELSON and TERRY, Associate Judges.

PER CURIAM:

Appellant Barnes sued the District of Columbia for false arrest and false imprisonment, and although the jury awarded him nominal damages of one dollar plus attorney's fees up to $500, the trial court, consistent with its earlier rulings, entered judgment for only one dollar. Appellant now contends that the court erred not only in ruling that he could not recover attorney's fees incurred or loss of earnings suffered while defending the underlying criminal actions, but also in denying a motion for mistrial based on the court's refusal to admit evidence of these damages. We affirm.

I

On March 23, 1979, at approximately 9:25 p.m., a District of Columbia Metropolitan Police Officer arrested appellant for grand larceny.[1] He was released on personal recognizance on March 24, 1979, at approximately 12:00 noon. Upon being indicted by a grand jury for grand larceny and receiving stolen goods,[2] appellant retained an attorney to represent him in the criminal proceedings. The government ultimately

---

1. D.C.Code 1973, § 22–2201 [recodified as D.C. Code 1981, § 22–2201.]

2. D.C.Code 1973, § 22–2205 [recodified as D.C. Code 1981, § 22–2205.]

dismissed the charges against appellant, who thereafter brought an action against the District for false arrest and false imprisonment.

At trial, the court ruled that those expenses incurred after appellant's release from custody, including attorney's fees and loss of earnings, could not be recovered in his civil action and accordingly, refused to admit evidence on these damages. A subsequent motion for mistrial was denied.

## II

Appellant argues that the trial court erred in ruling that in a suit for false arrest and false imprisonment, a plaintiff cannot recover attorney's fees or loss of earnings for the period during which he defends the underlying criminal action. We disagree.

This court has held that once liability is established for an intentional tort such as false arrest, a plaintiff may recover nominal damages, at least, as well as compensation for " 'mental suffering, including fright, shame, and mortification from the indignity and disgrace, *consequent upon an illegal detention.'* " *Neisner Brothers, Inc. v. Ramos,* D.C.App., 326 A.2d 239, 240 (1974) (emphasis added); *Marshall v. District of Columbia,* D.C.App., 391 A.2d 1374, 1380 (1978). The Circuit Court has held that there is no ground for assessing damages against a defendant after previously illegal detention has become legal. *Zinkhan v. District of Columbia,* 50 App.D.C. 312, 316, 271 F. 542, 546 (1921).[3]

Several courts have held that in a suit for false arrest and false imprisonment, a plaintiff cannot recover expenses incurred in defending an underlying criminal action because such expenses do not result from the plaintiff's efforts to obtain his discharge

from illegal detention. *Scanlon v. Flynn,* 465 F.Supp. 32, 40 (S.D.N.Y.1979); *Broughton v. State,* 37 N.Y.2d 451, 459, 335 N.E.2d 310, 316, 373 N.Y.S.2d 87, 96, *cert. denied,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975); *S.H. Kress & Co. v. Roberts,* 143 Va. 71, 75–76, 129 S.E. 244, 246 (1925); *City of Miami Beach v. Bretagna,* 190 So.2d 364, 365–66 (Fla.Dist.Ct.App.1966); *Fidelity & Deposit Co. v. Adkins,* 222 Ala. 17, 19, 130 So. 552, 553 (1930). Indeed, in *Scanlon v. Flynn, supra,* recovery was limited to damages incurred up to the time of arraignment or indictment. *Id.* at 40. The court there reasoned that an arraignment or indictment delimits liability because of the independent, supervening determination of probable cause. *Id.* In addition, one court has said:

> It is well settled that plaintiffs, in actions for false imprisonment, where the damages are specially claimed, may recover for any reasonable and necessary expense incurred as a result of the unlawful imprisonment, including attorney's fees for services in procuring his discharge. 25 C.J. 558, § 173. *But such fees for defending the plaintiff against the prosecution of the charge, while recoverable in an action for malicious prosecution, are not recoverable in an action for false imprisonment, unless such services are necessary to secure the plaintiff's discharge from the illegal restraint.* [*Fidelity & Deposit Co. v. Adkins, supra* 222 Ala. at 19, 130 So. at 553 (emphasis in original).][4]

We conclude that in a suit for false arrest and false imprisonment, a plaintiff cannot recover attorney's fees incurred or loss of earnings suffered while defending an underlying criminal action. However, the damages award may include compensa-

---

**3.** In *Zinkhan,* an inmate of the Washington Asylum was permitted to recover damages for his unlawful detention there before a proper commitment had been issued.

**4.** The distinction between an action for false imprisonment and one for malicious prosecu-

tion is that the former redresses the violation of a plaintiff's freedom of movement, and the latter redresses the violation of his freedom from unjustifiable litigation. *Broughton v. State, supra* 37 N.Y.2d at 459, 335 N.E.2d at 316, 373 N.Y.S.2d at 96.

tion for loss of earnings while imprisoned, for bodily and mental suffering caused by the imprisonment, and for expenses incurred in securing discharge from restraint, including a reasonable attorney's fee. *Neisner Brothers, Inc. v. Ramos, supra* at 240; *Marshall v. District of Columbia, supra* at 1380; *Tatum v. Morton,* 183 U.S.App.D.C. 331, 334, 562 F.2d 1279, 1282 (1977).

■ The trial court did not err in limiting appellant's damages to those incurred during his imprisonment, nor did it abuse its discretion in denying appellant's motion for mistrial. *See generally Hallman v. United States,* D.C.App., 410 A.2d 215, 217 (1979).

*Affirmed.*