Thomas M. PHILLIPS, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 81–687.

District of Columbia Court of Appeals.

Argued Sept. 16, 1982.

Decided March 11, 1983.

Howard B. Silberberg, McLean, Va., for appellant.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., for appellees the District of Columbia, Charles Williams, and Michael D. Gallahan; Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and William J. Earl, Asst. Corp. Counsel, Washington, D.C., were on brief for these appellees.

James W. Pressler, Jr., Washington, D.C., for appellee John W. Ridenour.

Before KERN, BELSON and TERRY, Associate Judges.

BELSON, Associate Judge:

This is an appeal from an order of the Superior Court denying a motion to alter, vacate or amend an earlier order that remitted by $9,739.35 a $10,000 jury verdict in appellant's favor on a false arrest count without affording him the option of rejecting the remittitur and obtaining a new trial on the issue of damages. The order of remittitur had the effect of vacating in its entirety the jury's award for appellant's loss of liberty, and left standing only his award for out-of-pocket expenses. We conclude that the trial court abused its discretion in striking all damages for loss of liberty and erred also, under the circumstances of this case, in imposing the remittitur without offering the alternative of a new trial. We therefore reverse and remand the case to the trial court for reconsideration of appellees' motion to remit.

This case stems from an incident that occurred on the afternoon of December 13, 1977. Appellant, who was employed as a store clerk, was instructed by his employer to take a quantity of currency to a bank in order to obtain small bills and coins for change. As he walked back from the bank carrying a bag of money, appellant attracted the attention of appellees Gallahan, Williams and Ridenour, Metropolitan Police Department officers on plainclothes duty who were investigating a grand larceny

that had occurred a short time before in the same neighborhood. The officers stopped the unmarked vehicle in which they were riding, and Officers Gallahan and Williams, suspecting that appellant was involved in the larceny, climbed outside and stopped appellant. Thinking that he was being robbed, appellant resisted, and was physically restrained by the two officers. Appellant was then arrested on a charge of disorderly conduct, and spent several hours in police custody before his employer posted collateral and obtained appellant's release. The Corporation Counsel later "no papered" the disorderly conduct charge.

Appellant brought suit against appellees seeking compensatory and punitive damages for false arrest, assault and battery, malicious prosecution, and defamation. The case was brought to trial in September 1980. Before the jury was impanelled appellant made a tactical decision to dismiss his defamation claims as well as all claims for mental anguish resulting from the alleged false arrest. Appellant took these steps, apparently, to avoid appellees' introduction of evidence regarding his extensive record of prior arrests, which the court had ruled would be admissible to rebut appellant's claims of mental anguish, embarrassment, and humiliation. The trial court granted directed verdicts in favor of Officer Ridenour on the assault and battery claim, and in favor of all defendants on the claim of malicious prosecution and the prayer for punitive damages. Thus, the jury considered only the assault and battery claims against the District of Columbia, Gallahan, and Williams, and the false imprisonment claim against all appellees.

The jury found for appellant, awarding him compensatory damages of $2,500 on the assault and battery claim, and $10,000 on the false arrest claim. Thereafter appellees moved for judgment notwithstanding the verdict or, in the alternative, for remittitur.[1] In January 1981 the trial court sus-

---

1. The appellees' motions for judgment notwithstanding the verdict were made under Super. Ct.Civ.R. 50. The relief of remittitur was sought under Super.Ct.Civ.R. 59. Appellees did not expressly seek new trial.

tained the verdict as to the assault and battery claim, but remitted the false arrest verdict to $260.65, an amount that represented only the wages that appellant lost and the legal expenses he incurred as a consequence of the arrest. Thereafter appellant, arguing that he could not be compelled to accept the reduced verdict, filed a motion to vacate, alter, or amend the remittitur orders. In April 1981 the trial court entered an order denying appellant's motion. There followed this appeal in which appellant challenged only the reduction in the false arrest verdict.

## I

■ It is well settled that when a jury verdict is excessive the trial court may grant a remittitur. *See generally* 6A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 56.08[7] (2d ed. 1982). To avoid violating the Seventh Amendment, however, the court usually must afford the prevailing party the option of rejecting the reduced award and obtaining a new trial on the issue of damages. Only when there is no genuine issue of material fact as to the amount of damages may a court impose a remittitur without offering the prevailing party a new trial. *See generally id.*

■ In the District of Columbia a verdict is excessive when it is so large that it is " 'beyond all reason, or is so great as to shock the conscience.' " *Wingfield v. Peoples Drug Store, Inc.,* 379 A.2d 685, 687 (D.C. 1978) (quoting *Williams v. Stewart Motor Co.,* 161 U.S.App.D.C. 155, 166, 494 F.2d 1074, 1085 (1974)). Alternatively, the standard has been stated as being whether the verdict " 'is so inordinately large as obviously to exceed the maximum limit of a reason-

able range within which the jury may properly operate.' " *Id.* (quoting *Graling v. Reilly,* 214 F.Supp. 234, 235 (D.D.C.1963)). Appellant contends that the $10,000 verdict at issue here did not meet this standard of excessiveness, and hence a remittitur was inappropriate. We disagree.

Appellant places considerable reliance on *Dart Drug, Inc. v. Linthicum,* 300 A.2d 442 (D.C.1973), in which we affirmed the trial court's determination that compensatory damages of $3,000 were not excessive for a false imprisonment that lasted two hours. Stressing the factual resemblances that *Dart Drug* bears to the instant case, appellant reasons that if a $3,000 verdict was not excessive in 1973, then, when inflation is taken into account, a $10,000 verdict should not be deemed excessive at this time. We observe first that our standard of review is abuse of discretion. Thus, our holding in *Dart* was that the trial judge had not abused her discretion in declining to remit, not that it would have been improper to remit. Excessiveness, moreover, should not be measured on a strictly comparative basis. *See May Department Stores v. Devercelli,* 314 A.2d 767, 775 (D.C.1973). Regardless of the comparative size of a verdict, the excessiveness determination turns on whether, based on the facts and circumstances of the particular case, the verdict was the result of passion, prejudice, or mistake. *See id.*

In the case at hand appellant presented evidence establishing that his pecuniary damages stemming from the arrest totaled $260.65. As we have noted, appellant elected for tactical reasons to withdraw claims for damages caused by mental anguish and emotional distress, the very damage elements that often constitute the bulk of a false arrest award.[2] *See generally* W. Pros-

---

**2.** During oral argument here appellant's counsel denied having withdrawn all claims for mental anguish and humiliation. Counsel asserted that instead he had reserved the right to ask the jury to award damages for the emotional distress that appellant experienced from the time that Officers Gallahan and Williams approached until the point at which he became aware that they were police officers, not robbers.

We note that when the court stated its understanding of the parties' agreement as precluding "any" discussion of emotional distress, appellant's counsel voiced no objection. We therefore conclude that appellant did withdraw all claims for mental anguish, and that compensation for such injury properly could not have constituted any part of the $10,000 award.

ser, *Handbook of the Law of Torts* 43 (4th ed. 1971). Appellant presented no evidence regarding such elements of damages as physical discomfort and injury, or loss of business opportunities.

■ Given the circumstances of this case, it must be concluded that $9,739.35 of the jury's award was intended to compensate appellant for his loss of liberty.[3] Although, as discussed below, we view deprivation of liberty per se as an appropriate element of damages in false arrest cases, the jury in this false arrest case appears to have assigned an extraordinary high value to the harm that appellant suffered during his three to five-hour incarceration. We therefore believe that the trial court did not abuse its discretion in concluding that the verdict was excessive.

## II

Having concluded that the trial court did not abuse its discretion in determining that the false arrest verdict was excessive, we turn to the question of whether the trial court erred in remitting all but the specific monetary losses that appellant proved at trial. We conclude that it did.

■ The tort of false arrest, in both its common law and constitutional variants, protects and vindicates the individual's interest in freedom from unwarranted interference with his personal liberty. *Dellums v. Powell,* 184 U.S.App.D.C. 275, 283, 566 F.2d 167, 175 (1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Given the very nature of the tort, then, it is in our view appropriate for a jury in a false

arrest case to consider loss of liberty per se as a basis for the award of compensatory damages. *See, e.g., Kajtazi v. Kajtazi,* 488 F.Supp. 15, 19 (E.D.N.Y.1978); *Maracle v. State,* 50 Misc.2d 348, 353, 270 N.Y.S.2d 439, 444 (N.Y.Ct.Cl.1966); *Emanuele v. State,* 43 Misc.2d 135, 140, 250 N.Y.S.2d 361, 366 (N.Y.Ct.Cl.1964); *S.H. Kress & Co. v. Powell,* 132 Fla. 471, 486, 180 So. 757, 763 (1938); *cf. Anderson v. Robinson,* 497 F.2d 120, 121 (5th Cir.1974) (per curiam) (by implication).[4]

■ We therefore must reject appellees' contention that because appellant had withdrawn his claims for mental anguish and emotional distress, and failed to present any evidence regarding such damage elements as physical discomfort and injury or loss of business opportunities, the jury necessarily was limited to compensating appellant only for his out-of-pocket expenses. The trial court may have entertained the view, although it was not expressed, that the loss of liberty itself, stripped of the appellant's emotional or mental reaction to such loss, is not compensable. We disagree, and take the view that the single fact of imprisonment, the deprivation of one's right to move about, is compensable. On remand, the trial court will be authorized to take into account the significance of the absence of the mental or emotional aspects of deprivation of liberty when it considers anew the appellees' motion for relief under Super.Ct. Civ.R. 59.

■ There nevertheless remains the difficult question of *how much* compensation a jury should award when it seeks to compensate an individual for the loss of liberty

3. The parties included in the record on appeal only excerpts from the court's instructions to the jury. We assume that the jury was informed of appellant's withdrawal of any claim for emotional injury or mental anguish. Although the jury was necessarily aware of the fact that appellant was deprived of his liberty, it appears from the portion of the transcript made available to us that it was not expressly instructed that it could award damages for loss of liberty as such.

4. Our recent decision in *Barnes v. District of Columbia,* 452 A.2d 1198 (D.C.1982) (per cu-

riam) is not to the contrary. In *Barnes* we stated that in a suit for false arrest and false imprisonment, "the damages award may include compensation for loss of earnings while imprisoned, for bodily and mental suffering caused by the imprisonment, and for expenses incurred in securing discharge from restraint, including a reasonable attorney fee." *Id.* at 1199–1200. That reference to what the damages award may include was not exhaustive; the issue of the compensability of loss of liberty itself was not before us in *Barnes.*

aspect of false arrest.[5] Although there are few hard-and-fast rules that govern the appropriate measure of compensation for loss of liberty, cases that have addressed the issue of damages for invasions of other intangible interests do offer some guidance. For example, the United States Court of Appeals for the District of Columbia Circuit has noted that compensation for deprivations of First Amendment rights must be proportional to the harm actually suffered and in such a case the jury is to be instructed to focus on such harm in fixing compensatory damages. *See Dellums, supra,* 184 U.S.App.D.C. at 303, 566 F.2d at 195; *Tatum v. Morton,* 183 U.S.App.D.C. 331, 334, 562 F.2d 1279, 1282 (1977); *id.* at 338, 562 F.2d at 1287 (Wilkey, J., concurring). Thus, jury verdicts must strike a balance between ensuring that important personal rights are not lightly disregarded, and avoiding extravagant awards that bear little or no relation to the actual injury involved. *See id.* In attempting to strike such a balance in false arrest cases, the length of confinement is an appropriate factor for the jury to consider. *See, e.g., Dellums, supra,* 184 U.S.App.D.C. at 282 n. 6, 566 F.2d at 174 n. 6 (damage award for false arrest based on length of confinement); *Anderson, supra,* 497 F.2d at 121 (same).

We conclude, then, that the trial court abused its discretion in ordering a remittitur from $10,000 to $260.65, thereby vacating any award for appellant's loss of liberty itself, and we further conclude that, since there was a genuine issue of material fact as to damages, it was error to impose the remittitur without offering appellant the alternative of a new trial on at least the issue of damages for false arrest.

*Reversed and remanded for reconsideration of appellees' motion for relief under Super.Ct.Civ.R. 59 consistent with this opinion.*

5. It is clear that one falsely arrested is entitled to at least nominal damages. *See, e.g., Marshall v. District of Columbia,* 391 A.2d 1374, 1380 (D.C.1978); *Anderson, supra,* 497 F.2d at 121; *Karfunkel v. Compagnie Nationale Air France,* 427 F.Supp. 971, 976 (S.D.N.Y.1977). However, the awarding of only nominal damages would obviously have been inappropriate here since actual out-of-pocket expenses were established.