672 So.2d 42 (1996)
CITY OF ST. PETERSBURG, Appellant,
v.
Paul E. HACKMAN and Linette Hackman, Appellees.
No. 94-02496.
District Court of Appeal of Florida, Second District.
February 2, 1996.
Rehearing Denied April 4, 1996.
*43 Michael S. Davis, City Attorney, and Pamela D. Cichon, Assistant City Attorney, St. Petersburg, for Appellant.
Robert H. Dillinger, St. Petersburg, for Appellees.
ALTENBERND, Judge.
The City of St. Petersburg (the "City") appeals a final judgment in favor of Mr. and Mrs. Hackman in a false arrest case. We affirm the jury's determination that Mr. Hackman was falsely arrested and its award of $25,000 to Mr. Hackman for mental anguish and other intangible damages. We reverse the award on two items of special damage: $30,000 in attorneys' fees and $6,500 for renovations to the Hackmans' home. On remand, the trial court shall enter an order of remittitur pursuant to section 768.74, Florida Statutes (Supp.1986), reducing the award of attorneys' fees consistent with this opinion. We also reverse the award of $25,000 in consortium damages for Mrs. Hackman, and remand for a new trial solely on that claim.
In 1987, Mr. Hackman owned several rental properties in Pinellas County. He experienced difficulties with a new tenant at one of his properties and gave her notice to vacate. Over a period of days, the eviction process became complicated and disputed. One of the battles concerned the extent of Mr. Hackman's lien, as landlord, over the tenant's personal property. Certain items of the tenant's personal property were allegedly either missing or improperly stored. Someone called the police, and ultimately Mr. Hackman was arrested for grand theft. He was taken to the county jail, booked, and released after his attorney came to his assistance. The arrest was publicized in local newspapers. The state attorney declined to file charges. Thereafter, the Hackmans filed *44 this suit for false arrest against the City. In a special interrogatory verdict form, the jury found in favor of the Hackmans.
Without further elaboration on the extensive evidence and proceedings below, we affirm the jury's verdict on the issue of the City's liability for false arrest. A disputed issue existed concerning the officers' probable cause to arrest Mr. Hackman, and the jury was free to resolve that dispute in favor of the Hackmans. We also affirm the $25,000 awarded to Mr. Hackman as within the range of a legal verdict.
The jury awarded Mr. Hackman $30,000 as "reasonable expenses, including attorney's fees necessarily incurred by Paul E. Hackman in the proceeding complained of." There is no evidence to support an award in this amount. In an action for false arrest the plaintiff may recover reasonable expenses, including attorneys' fees, incurred to secure his or her release from the illegal restraint. City of Miami Beach v. Bretagna, 190 So.2d 364 (Fla. 3d DCA 1966). The record reveals that Mr. Hackman's attorney, who had been involved in the eviction dispute, came to the county jail and spent several hours assisting his client to obtain discharge from the illegal restraint.
The Hackmans argue that they should also receive compensation for their attorney's fees incurred after Mr. Hackman was released and before the state attorney decided not to prosecute this case. Such damages are not recoverable under Bretagna on a false arrest claim. Although some courts have apparently allowed reasonable and necessary post-release attorneys' fees as an element of damages on a false arrest claim, such damages are usually recoverable on a claim for malicious prosecution rather than false arrest. See Annotation, Attorneys' Fees as Element of Damages in Action for False Imprisonment or Arrest, or for Malicious Prosecution, 21 A.L.R.3d 1068 (1968). When the false arrest does not result in prosecution, the necessity of legal representation after release is questionable and the extent of such representation should usually be minimal. In this case, for example, the brief post-release representation is difficult to isolate from the attorney's work on the civil eviction. Accordingly, we see no reason to expand the damages recognized in Bretagna.
Even if attorneys' fees incurred after Mr. Hackman was released were an element of damages in a false arrest suit, the Hackmans' evidence clearly does not support an award of $30,000 for such fees. Because the amount of this award is so great, we can only assume that the jury believed it was awarding attorneys' fees for this civil case. Such a mistake is understandable because the verdict form referenced attorneys' fees in the "proceeding complained of." Technically, the false arrest was not a "proceeding." Because the evidence does not support an award in excess of $800 in attorneys' fees, including prejudgment interest, as a reasonable expense in securing Mr. Hackman's release from the illegal restraint, we reverse the $30,000 award. On remand, the trial court is directed to enter an appropriate order of remittitur.
The jury also awarded the Hackmans $6,500 for "reasonable expenses for remodeling" their home. The police did not damage the Hackmans' home. As a portion of a major remodeling project, the Hackmans built a wall around their home and alleged that the wall was necessary to protect them from the police. They argue that it is reasonable and necessary for a person who has been falsely arrested by the police on one occasion to build a barricade against possible future police misconduct. We have found no case allowing such an element of damage, and we are not persuaded by the Hackmans' argument on these facts.
Mrs. Hackman's $25,000 consortium award is troublesome for at least two reasons. First, the trial court directed a verdict against Mrs. Hackman at the end of the plaintiffs' case, concluding that there was no evidence of any damage. It is arguable that Mrs. Hackman ceased to be a party at that time. Nevertheless, during the jury instruction conference after the close of the City's case, the trial court decided that some evidence on the consortium claim may have been presented during the Hackmans' case. Accordingly, the trial court revived the claim *45 and gave the standard jury instruction on consortium. While some evidence on the consortium claim had been presented, these procedural problems may have affected the City's defense of this claim.
Second, the award is excessive in light of the minimal evidence of Mrs. Hackman's loss of consortium. "Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage." Lithgow v. Hamilton, 69 So.2d 776, 778 (Fla.1954). There is very little evidence that the brief detention of Mr. Hackman significantly affected these marital values.
Mrs. Hackman testified that viewing her husband's arrest caused her such emotional upset that she could no longer function as an architectural designer. She regarded her loss of earnings as a consortium loss. This testimony is more in the nature of an impermissible claim for non-impact negligence damages. See Champion v. Gray, 478 So.2d 17 (Fla.1985), receded from on other grounds, Zell v. Meek, 665 So.2d 1048 (Fla.1995). We conclude that the jury erroneously accepted Mrs. Hackman's definition of consortium rather than the trial court's definition in the jury instructions. The combination of this error with the procedural irregularity in reviving Mrs. Hackman's claim after the City had rested its case requires us to reverse the verdict on the consortium claim and remand for a new trial on that issue alone.
Affirmed in part, reversed in part, and remanded with directions.
THREADGILL, C.J., and PATTERSON, J., concur.