DONALDSON, Judge,
concurring specially.
I concur in the main opinion affirming the judgment of the trial court. I write specially to address two issues regarding the argument of Matthew Morris that a new trial should have been granted based on an allegedly improper quotient jury verdict.
The record does not reflect that either party requested the trial court to instruct the jury that it could not return a quotient verdict pursuant to Rule 51, Ala. R. Civ. P., nor was an objection raised when the jury was not instructed that it could not reach a quotient verdict. Jurors cannot be expected to know that a quotient verdict is improper unless they are so instructed. An example of a quotient-verdict instruction is found in Fidelity & Deposit Co. of Maryland v. Adkins, 222 Ala. 17, 18, 130 So. 552, 553 (1930) (synopsis):
“ T charge you ... that a quotient verdict is a verdict arrived at by each of the jurors setting down some figure in writing or otherwise, then the jury making up the total of these twelve figures and dividing the said total by twelve to arrive at the amount of the verdict, each of the jurors having agreed in advance to be bound by the result. The Court further charges the jury that this has been held to be an improper method of *343 arriving at a verdict and the jury should not arrive at their verdict by so doing.’ ”
I would hold that a jury verdict is not subject to challenge based on a claim that the jury improperly arrived at a quotient verdict unless the jury was properly instructed on the issue or a proper instruction prohibiting a quotient verdict from being returned was requested pursuant to Rule 51, Ala. R. Civ. P., and refused over a timely objection.
Further, the issue of examining notes, drawings, or other materials created by jurors during trial[8] and/or deliberations should be addressed to obtain clarity on the subject and to ensure uniformity throughout the state. I see no valid reason for a trial judge’s notes to be subject to review or examination by the parties following a bench trial, and I would treat juror-created materials in the same confidential manner. This principle is established by rule in some states. See, e.g., Rule 2.430(k), Fla. R. Jud. Admin. (“At the conclusion of the trial and promptly following discharge of the jury, the court shall collect all juror notes and immediately destroy the juror notes.”); Rule 47(E), Ohio. Civ. R. (“The court shall require that all juror notes be collected and destroyed promptly after the jury renders a verdict.”); and Rule 43A.01, Tenn. R. Civ. P. (“After the jury has rendered a verdict, [juror] notes shall be collected by court personnel who shall destroy them promptly.”). It may be appropriate for a rule[9] to be adopted in Alabama addressing the confidentiality and retention of juror-created materials. In the absence of a rule on the issue, I would adopt the principles set forth in Sligar v. Bartlett, 916 P.2d 1383, 1387 (Okla.1996):
“[Juror] notes are not to be included in the record on appeal. State v. Kipf, 234 Neb. 227, 450 N.W.2d 397, 415 (1990). The notes are to be treated as confidential between the juror and the other jurors. They must be destroyed in the presence of the Court immediately upon acceptance and filing of the verdict. Although failure to destroy the notes will not per se constitute reversible error, in the absence of some highly extraordinary circumstances there is no basis for appellate review of the juror’s notes. Nor will they serve to impeach the jury’s verdict. Esaw [v. Friedman, 217 Conn. 553], 586 A.2d [1164] at 1170 [ (1991) ]. To review a juror’s notes would violate the sanctity of the deliberative process. Id.”

. Note-taking by jurors during trial should be expressly permitted and facilitated as part of jury-service improvement efforts. See Scott Donaldson, Improving Jury Service, 73 Ala. Law. 190, 192 (May 2012).

. Such a rule could be made a part of the Rules of Judicial Administration to ensure uniformity in civil and criminal cases.