*1025 KING, JUSTICE,
specially concurring:
¶29. While I agree with the majority that, under the specific facts of this case, Hinds County is entitled to immunity pursuant to the inmate exception, I write separately to express my concerns about adopting such a broad interpretation of the term “inmate.”
¶ 30. Section ll-46-9(l)(m) provides:
(l) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
[[Image here]]
(m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution ....
Miss.Code Ann. .§ ll-46-9(l)(m) (Rev. 2012). I believe that inherent in this exemption is the presumption that an inmate has been properly and lawfully detained.[5] The majority states that this Court has broadly defined the term “inmate” to include pretrial detainees such as Burton. Yet, if Burton had proven that he was not lawfully arrested or detained, the label of “inmate” would surely not be applicable. To embrace such a broad definition of this term would mean that the government could arrest anyone at any time for any reason, lock him/her up, and allow hm/her to suffer abuse, injury, and misuse, for which there would be no legal redress.
¶ 31. Where the detention is improper and unlawful, there should be no immunity. The definition of false imprisonment is “the confinement of the plaintiff within boundaries fixed by the defendant, without legal justification, by an act or the breach of a duty intended to result in such confinement.” State for Use of Powell v. Moore, 252 Miss. 471, 174 So.2d 352, 355 (Miss.1965) (emphasis added). A person who is held without legal justification should not be thought of as an inmate, but instead as a citizen who has been wrongfully deprived of his liberty.
¶32. Under the specific facts of this case, I agree with the majority that Burton has failed to prove his false imprisonment claim. However, I am unwilling to adopt an interpretation of the term “inmate” as used in Section ll-46-9(l)(m) that would include individuals whose detention and incarceration is improper and/or unlawful.
KITCHENS, J., JOINS THIS OPINION.

. "The tort of false arrest, in both its common law and constitutional variants, protects and vindicates the individual’s interest in freedom from unwarranted interference with his personal liberty.” Phillips v. D.C., 458 A.2d 722, 725 (D.C.App.1983).